ANDREW LENKEWICZ, Administrator of Waclaw Lenkewicz, deceased, *vs.* THE WILMINGTON CITY RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries—Passenger—Railway Company—Negligence— Due Care—Proximate Cause—Evidence; Negative or Positive.*

1.   Negligence has been termed the want of ordinary care that is, the want of such care as a reasonably prudent and careful man would exercise under similar circumstances.   It has been termed the failure to observe, for the protection of the interests of another, that degree of care, prudence and vigilance which the circumstances justly demand, whereby such other person suffers injury.

2.   There is no presumption of negligence, either on the part of the plaintiff or on the part of the defendant, from the mere fact that the plaintiff was injured by being struck by a car of the defendant company.

3.   If the negligence of the deceased was the proximate cause of his death or contributed thereto, his administrator cannot recover.   And where there has been mutual negligence and the negligence of each was operative at the time of the accident, no action whatever can be sustained.

4.   The defendant, when he relies upon contributory negligence on the part of the plaintiff, to escape liability, must satisfy the jury by a preponderance of the evidence that contributory negligence on the part of the plaintiff was the proximate cause of the injury complained of.

5.   If the motorman saw, or, by the exercise of due care in looking out ahead, could have seen the deceased in time to have stopped the car and thus have prevented the accident, the defendant would be liable.   But if the deceased suddenly approached along side of, against, or in front of the car and was struck, knocked down and run over by the car, without any improper act or omission on the part of the motorman, and the latter applied the brakes of his car and did all he could to prevent the injury complained of, the plaintiff cannot recover.

6.   If the deceased moved from a position of safety to a position of danger, near or upon the track of the railway on which the car was running, so suddenly as to make it impossible for the motorman to stop the car before the collision, the defendant cannot be held liable.

7.   Direct or positive evidence of a fact is entitled to greater weight than evidence of a merely negative character.

(*March* 13, 1908.)

Judges SPRUANCE and BOYCE sitting.

*Philip Q. Churchman* and *Philip L. Garrett* for plaintiff.

*Walter H. Hayes* and *Andrew C. Gray* for defendant.

Superior Court, New Castle County, March Term, 1908.

ACTION ON THE CASE (No. 58, September Term, 1906) by the father and administrator of Waclaw Lenkewicz, deceased, to recover damages for the death of his said son, alleged to have been occasioned through the negligence of the defendant company; it being conceded that the defendant company had double tracks on Maryland Avenue, in the City of Wilmington, to, and a short distance beyond Stroud Street; that the cars of the defendant company pass each other on the Avenue going in opposite directions; also that Waclaw Lenkewicz was a passenger on an out-bound car of the defendant company, and that he got off the car near Stroud Street, and passing in the rear of the car he attempted to cross the in-bound track of the company, whereon another car of the defendant company was approaching in the opposite direction, when he was struck thereby, thrown and violently hurled upon the street and beneath the in-bound car, whereby he received such injuries that he died the same day.

BOYCE, J., charging the jury:

Gentlemen of the jury:—Andrew Lenkewicz, the father and administrator of Waclaw Lenkewicz, deceased, seeks, by this action, to recover from the Wilmington City Railway Company damages for the death of his son, which he alleges was occasioned by the negligence of the defendant company, on the fifth day of June, A. D. 1906, in operating one of its electric cars on Maryland Avenue near Stroud Street, in this City.

The declaration filed by the plaintiff contains nine counts. By these counts it is charged in substance that the defendant company negligently and carelessly ran one of its cars (1) at an improper, high, dangerous and unlawful rate of speed; (2) without giving any warning by gong, bell, or otherwise; (3) without due

and proper care in the use, management and control of the car so as to avoid running into the deceased while attempting to cross the in-bound track of the defendant company on Maryland Avenue.

It is conceded that the defendant company has double tracks on said Maryland Avenue to and a short distance beyond Stroud Street; and that the cars of the defendant company pass each other on the the Avenue going in opposite directions. It is also conceded that Waclaw Lenkewicz was a passenger on an out-bound car of the defendant company, and that he got off the car near Stroud Street, and passing in the rear of the car he attempted to cross the in-bound track of the company, whereon another car of the defendant company was approaching in the opposite direction, when he was thrown and violently hurled upon the street and beneath the in-bound car, whereby he received such injuries that he died the same day.

The defendant denies that either it, or its servants in charge of the car were guilty of any negligence or wrong-doing from which the injuries complained of were inflicted, but on the contrary, insists that its servants were, at the time of the accident, in the exercise of reasonable and proper care, and that the accident was occasioned solely by the negligence of the deceased. And it is further contended that immediately before and at the time of the accident, the motorman in charge of the car neither knew nor by the exercise of reasonable care might have known of the presence or perilous position of the deceased.

It is admitted that at the time of the accident, the defendant company operated a line of electric railway along Maryland Avenue in this City at the point where said accident occurred, and that it was duly authorized so to do; and that letters of administration were, subsequently to the death of the plaintiff's intestate and prior to the bringing of this action, duly granted to Andrew Lenkewicz, the plaintiff in this case.

We have been asked to give you binding instructions to find for the defendant. This we decline to do. We submit to you the question whether your verdict should be for the plaintiff

or the defendant, after a careful consideration of all the evidence produced before you in connection with our instructions to you.

The defendant had a right to use the public highway, at the time and place of the accident, in common with other travellers and persons who saw fit to use it. The public as well as the defendant company, were entitled to use said highway. In using the highway all persons are bound to the exercise of reasonable care to prevent collisions and accidents. Such care must be in proportion to the danger of the peculiar risks in each case. It is the duty of the company to see that its servants in charge of the cars use reasonable care in operating them; that the cars move at a reasonable rate of speed; that they slow up, or stop if need be, where danger is imminent and could, by the exercise of reasonable care, be seen or known in time to prevent accident; and that proper warning be given of the approach of the car at a crossing on the public highway. There is a like duty of exercising reasonable care on the part of the traveler. The company and the traveler are both required to use such reasonable care as the circumstances of the case demand; an increase of care on the part of both being required where there is an increase of danger. The right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the right of the other. We are not prepared to lay down any absolute rule as to what precise acts of precaution are necessary to be done or left undone by persons who may have need to cross the tracks of electric railways. Nor will we attempt to specify the acts of precaution which are necessary to be done, or omitted, by one in the management of an electric car. Such acts necesssarily must depend upon the circumstances of each particular case. The general rule is, that the person in the management of the car, and the person approaching a car or crossing a railway track, are bound to the reasonable use of their senses of sight and hearing for the prevention of accident; and also to the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise in like circumstances. A person approaching a railway crossing with which he is familiar is bound

to avail himself of his knowledge of the locality and act accordingly. If, as he attempts to cross the tracks of the company, his line of vision is obstructed, he is bound to look for approaching cars in time to avoid collision with them; and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision, he is guilty of negligence and could not recover therefor.

This action is based upon the negligence of the defendant company; and if the death for which it has been instituted was not the result of the negligence of the defendant company, the plaintiff cannot recover.

Negligence is never presumed. It must be proved; and the burden of proving the negligence to the satisfaction of the jury by a preponderance of the evidence, rests upon the plaintiff.

There is no presumption of negligence, either on the part of the plaintiff's intestate or on the part of the defendant, from the mere fact that the plaintff's intestate was injured by being struck by a car of the defendant company.

Whether negligence exists in a particular case is a question of fact to be found by the jury.

Negligence has been variously defined by the Courts of this State, but, after all, the different definitions mean substantially one and the same thing. It has been termed the want of ordinary care; that is, the want of such care as a reasonably prudent and careful man would exercise under similar circumstances. It has been termed the failure to observe, for the protection of the interests of another, that degree of care, prudence and vigilance which the circumstances justly demand, whereby such other person suffers injury.

Applying these principles of the law as to what constitutes negligence to the facts in this case, you are to determine whether the defendant did exercise due care such as a reasonably prudent man would have exercised under similar circumstances.

The term ordinary care and diligence, when applied to the management of electric cars in motion, may be understood to import all the care, circumspection, prudence and discretion, which the particular circumstances of the place and occasion

require of the servants of the defendant company; and this will be increased or diminished as the ordinary liability to danger, accident and injury is increased or diminished in the movement and operation of such cars.

You are to determine from the evidence, applying it to the law as announced by the Court, whether the death of the plaintiff's intestate was caused by the negligence of the defendant company, and if so, whether that negligence was the proximate cause of the accident. If the negligence of the deceased was the proximate cause of his death, or contributed thereto, his administrator cannot recover. And where there has been mutual negligence and the negligence of each was operative at the time of the accident, no action whatever can be sustained. But if the negligence of the defendant was the proximate cause of the accident and death, in that case, although the deceased might have been guilty of some negligence, it would not be contributory negligence; for it is well settled that the plaintiff may recover damages for an injury caused by the defendant's negligence, notwithstanding the plaintiff's own negligence exposed him to the risk of injury, if such injury was proximately caused by the defendant's failure, after becoming aware of the plaintiff's danger, to use ordinary care for the purpose of avoiding injury to him.

Like as the plaintiff, in actions of this character, must sustain his allegations of negligence by satisfactory proof before he can recover, so the defendant when he relies upon contributory negligence on the part of the plaintiff, to escape liability, must satisfy the jury, by a preponderance of evidence, that contributory negligence on the part of the plaintiff was the proximate cause of the injury complained of.

If you find under the evidence that the motorman in charge of the car in question, did see, or by the exercise of due care in looking out ahead could have seen the deceased in time to have stopped the car and thus have prevented the accident, then the defendant would be liable. But if you find that the deceased suddenly approached alongside of, against or in front of the car and was struck, knocked down and run over by the car, without any improper act or omission on the part of the motor-

man, and that the latter applied the brakes of his car and did all he could to prevent the injury complained of, the plaintiff cannot recover.

As was said in the case of *Heinel vs. Peoples Railway Company*, (6 Pennewill, 428) recently tried in this Court, "If the plaintiff moved from a position of safety to a position of danger near or upon the track of the railway on which the car was running, so suddenly as to make it impossible for the motorman to stop the car before the collision, the defendant cannot be held liable for the resulting injury to the plaintiff's intestate; so if the motorman, after he saw, or by the exercise of reasonable care could have seen the plaintiff's intestate in a position of danger, did everything that a reasonably careful and prudent man would do under like circumstances to prevent the accident, the defendant would not be liable."

As a general rule, direct or positive evidence of a fact is entitled to greater weight than evidence of a merely negative character. You, however, are the sole judges of the credibility of the witnesses and of the weight and value of their testimony. Your verdict in this case should be in favor of that party for whom there is the preponderance or greater weight of the evidence. If you are satisfied from the preponderance and weight of the evidence, taking into consideration all the facts and circumstances of the case, that the death of the plaintiff's intestate was caused by the negligence and carelessness of the defendant company, without fault on his part, then your verdict should be for the plaintiff.

The measure of damages would be such a sum as you believe from the evidence the deceased would probably have earned during life and left as his estate at the time of his death and which would have gone to his next of kin, taking into consideration the age of the deceased, his ability, disposition to labor and habits of living and expenditure. If, however, you should believe that the contributory negligence of the plaintiff's intestate was the cause of his death, or if you should not be satisfied that the failure of the defendant company was the proximate cause of his death, your verdict should be for the defendant.

Verdict for plaintiff for six cents.