MARTHA B. CULBERT *vs.* THE WILMINGTON AND PHILADELPHIA TRACTION COMPANY, a corporation of the State of Delaware.

1. STOCKHOLDER AS JUROR—CHALLENGE.

A stockholder of a defendant railway company summoned as a juror may be challenged for cause.

2. NEGLIGENCE—DEFINITION.

"Negligence" is a failure to observe, for the protection of another, that care which the circumstances demand.

3. STREET RAILROADS—COLLISION WITH PEDESTRIAN—NEGLIGENCE—PRESUMPTION.

Since negligence is never presumed, the mere fact of plaintiff's injury by a collision with defendant's street car raised no presumption of negligence by either party.

4. NEGLIGENCE—JURY QUESTION.

The question of the existence of negligence is for the jury.

5. STREET RAILROADS—COLLISION WITH PEDESTRIAN—GROUNDS OF ACTION.

The plaintiff, in an action for personal injuries from being struck by a street car, could recover only on proof by a preponderance of the evidence that the defendant was negligent, and that its negligence caused the injury, and that plaintiff was not guilty of any contributory negligence.

6. EVIDENCE—WORDS AND PHRASES—"PREPONDERANCE OF THE EVIDENCE".

By a "preponderance of the evidence" is meant the weight of the testimony, when properly considered, and not necessarily the number of witnesses.

7. NEGLIGENCE—UNAVOIDABLE ACCIDENT.

One cannot recover for injuries from an unavoidable accident.

8. STREET RAILROADS—OPERATION—CARE REQUIRED.

The ordinary care and diligence required in the management of electric cars varies according to the particular circumstances, with the increasing or diminishing liability to danger.

9. STREET RAILROADS—DUTY TO TRAVELER.

One approaching or attempting to cross a street railway track must avail himself of his knowledge of the conditions existing at the place.

10. STREET RAILROADS—OPERATION—MUTUAL CARE REQUIRED.

A motorman, and also one approaching a street car or crossing a track, must make reasonable use of their senses of sight and hearing to prevent accident, and must exercise the reasonable caution of ordinarily careful and prudent persons in like circumstances.

11. STREET RAILROADS—COLLISION—NEGLIGENCE—LIABILITY.

Where a street railroad company fails to make use of the ordinary means to warn one who is injured by a collision with its car, such failure is negligence; and, if the accident occurs by reason thereof, the company is liable, providing the injured party does not by recklessness contribute proximately to the injury.

12. STREET RAILROADS—OPERATION—CARE REQUIRED.

A motorman, in charge of a car approaching a street crossing, where the view is obstructed, must exercise greater care than otherwise, and, when approaching another car discharging passengers, must keep a careful lookout, and have his car in proper control, and give proper signals.

13. STREET RAILROADS—NEGLIGENCE—PERSONAL INJURIES—RIGHT OF RECOVERY.

One injured by a collision with a street car cannot recover, where her own negligence contributed to the accident, although the company was also negligent.

14. STREET RAILROADS—NEGLIGENCE—PERSONAL INJURIES—RIGHT OF RECOVERY.

One injured by a collision with a street car may recover, if the negligence of the company is the sole proximate cause of the injury, although there has been some negligence on her part.

15. STREET RAILROADS—CARE—PRESUMPTION.

One in charge of a street car and one approaching the car or the track may each presume that the other will exercise due care; but such presumption does not relieve either from his own duty to exercise proper care.

16. STREET RAILROADS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLI-GENCE—BURDEN OF PROOF.

A street railroad company, relying on contributory negligence of a pedestrian it has run into, to escape liability, must prove by a preponderance of the evidence that plaintiff's contributory negligence was the proximate cause of the injury.

17. STREET RAILROADS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLI-GENCE—WARNINGS.

One approaching a street car track, where the view of an approaching car is obstructed by a standing car, may place some reliance upon a uniform and continuous practice of the company to sound gongs on its cars when passing standing cars.

18. STREET RAILROADS—INJURY TO PEDESTRIAN—NEGLIGENCE.

Where the motorman in charge of a street car sees, or by the exercise of due care could see, a party with whom the car collides, in time to have prevented the accident, the company is liable.

**19.  STREET RAILROADS—COLLISION—ACCIDENT—LIABILITY.**

Where one suddenly approaches a street car, and is struck down and run over by it, without any improper act or omission on the part of the motorman, the injured party cannot recover.

**20.  EVIDENCE—PROBATIVE EFFECT.**

Positive testimony has greater weight than negative testimony, especially where the latter is unaccompanied by facts and circumstances showing an attentive attitude of the witness respecting the matter to which he testifies.

**21.  TRIAL—EVIDENCE—QUESTION OF FACT.**

The jurors are the sole judges of the credibility of the witnesses and of the weight of their testimony.

**22.  TRIAL—DELIBERATIONS OF JURY—DUTY TO RECONCILE TESTIMONY.**

The jury should reconcile conflicting testimony, if possible; but, if impossible, they should be governed by that which they consider most worthy of credit, having regard to the apparent fairness, bias, prejudice, and interest of the witnesses, if any there be, their opportunities of knowing and their recollections together with any other facts and circumstances which will aid in determining the correctness of the testimony.

**23.  DAMAGES—MEASURE—PERSONAL INJURIES.**

The measure of damages for personal injuries is such amount as will reasonably compensate the injured party for her pain and suffering, both past and present, for her loss of time and her pecuniary loss, from her impaired ability to attend to her necessary work and business, and also any expense incurred by her for medicine and treatment on account of her injury.

*(April 3, 1912.)*

PENNEWILL, C. J., and BOYCE and CONRAD, J. J., sitting.
*Henry R. Isaacs* and *Armon D. Chaytor, Jr.*, for plaintiff.
*Walter H. Hayes* and *Ward, Gray* and *Neary* for defendant.
Superior Court, New Castle County, March Term, 1912.

ACTION ON THE CASE (No. 81, May Term, 1911) to recover for personal injuries alleged to have been occasioned by the defendant company, on the first day of March, A. D. 1911, at the intersection of Fourth and Harrison streets at about 2.30 p. m., by car No. 22 of the West Fourth Street line running over left foot or ankle of the plaintiff, who had just alighted from car No. 24 of the West Fourth Street line at Fourth and Harrison streets, and after so alighting walked around the rear end of the westbound car and was struck by the eastbound car.

The plaintiff, at the trial, testified concerning the accident, as follows:

On the day of the accident, which occurred at Fourth and Harrison streets, in this city, about three o'clock in the afternoon, I was riding on a car of the defendant company, going west on Fourth Street. It was a beautiful day and the ground was perfectly dry. Upon arriving at Fourth and Harrison streets, the rear of the car stopped at the flagstone on the westerly side of Harrison Street and I alighted from the north side of the car upon the flagstone and turned around the standing car in order to get on the pavement on the southerly side of Fourth Street and the westerly side of Harrison. My destination was 1206 West Fourth Street, which was west of Harrison. In passing around the end of this standing car, I passed right close up to the car and was listening very attentively at the time for the car, if there might be a car coming. I was listening for the east bound car, but there was no alarm given. I am familiar with the practice of the defendant company for an approaching car to ring the bell when passing a standing car. In passing around the car from which I alighted, I was relying on the ringing of the bell of the eastbound car and just as I passed from behind the car between the westbound and eastbound tracks the eastbound car was right there; right on me before I knew it. Just when I stepped between the two tracks the front platform of the eastbound car was right in front of me. I threw up my hands. I was very much alarmed. I was afraid I was going to get hurt, and I was dragged along with my hands against the side of the car about ten or twelve feet and fell to the ground, and the rear wheel went over my left foot and mashed it very badly, so much so that my foot had to be amputated.

K., a juror, was sworn upon his *voir dire* and asked by counsel for plaintiff the following question: "Are you a stockholder of the Wilmington and Philadelphia Traction Company, the defendant?" "Yes, sir." Mr. Chaytor thereupon challenged the juror for cause. Mr. Gray objects, contending that the juror being a stockholder was not a ground for challenge for cause.

Prayers.

PENNEWILL, C. J.:—We understand the juror just called is a stockholder of the defendant corporation.    We think for that reason he ought to be excused.

Mr. Gray, of counsel for defendant: I desire to ask the juror a question.

Q.   Could you, notwithstanding the fact that you are a stockholder in the defendant company, find a verdict according to the law and the evidence in this case?

(Objected to by Mr. Chaytor, of counsel for plaintiff, as immaterial.)

PENNEWILL, C. J.:—It occurs to us that as the fact of his being a stockholder is a sufficient ground for challenge for cause; it is immaterial what his opinion may be as to whether he could decide the case according to the evidence.   The question before us is whether the fact that he is a stockholder disqualifies him, and we think it does.

(The juror was thereupon excused by the court for cause.)


## PLAINTIFF'S PRAYERS.

"Negligence on the part of the motorman in charge of the car in question would be the negligence of the defendant company." *Garrett v. Ry. Co.*, 6 *Penn.* 29 (31).

"Negligence in the legal sense is the failure to observe, for the protection of the interest of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury."   *Tully's Adm. v. Ry. Co.*, (*Supreme Ct.*), 2 *Penn.* 537 (540).

"The term, ordinary care and diligence," when applied to the management of electric cars in motion, may be understood to import all the care, circumspection, prudence and discretion, which the particular circumstances of the place and occasion require of the servants of the defendant company; and this will be increased or diminished as the ordinary liability to danger, accident and injury is increased or diminished in the movement and operation of such cars.   *Lenkewicz v. Ry. Co.*, 7 *Penn.* 64 (68).

17

A street car on approaching a crossing must give proper warning. *Adams v. Ry. Co.*, 3 *Penn.* 512; *Farley v. Ry. Co.*, 3 *Penn.* 581; *Bass' Adm. v. Ry. & L. Co.*, 100 *Va.* 1; 40 *S. E.* 100.

What warning is proper must be determined in the light of all the circumstances of the particular case. *Di Prisco v. Ry. Co.*, 4 *Penn.* 527 (533).

The citizen has a right to rely upon the sounding by the motorman such signals as are proper under all the circumstances of the case, and negligence should not be imputed to him by reason of such reliance. *Smith v. Union Trunk Line*, 51 *Pac.* 400 (401) (*Washington*); *Parsons v. N. Y. C. & H. R. R. Co.*, 113 *N. Y.* 363; *Bass' Adm. v. Ry. & Light Co.* (*Va.*) 40 *S. E.* 100 (102).

If the motorman violated any rule or regulation of the defendant company as to the giving of warning, the jury may consider this fact as an evidence of negligence. *Smithson v. G. W. Ry. Co.*, 71 *Minn.* 216 (228).

Whatever the jury may decide to be proper warning under the circumstances of this case, if they shall find from the evidence that the uniform and continuous practice of the defendant company has been to sound the gongs of its cars frequently while passing standing cars, and that such course of conduct was known to and relied upon by the plaintiff, at the time of the accident, these facts may be taken into account by them in estimating the degree of diligence required of the plaintiff in looking out for an approaching car before she crossed the eastbound track. *Wil. City Ry. v. White*, 6 *Penn.* 363 (371).

The person in the management of a street car is bound to the reasonable use of his sense of sight for the prevention of accident. *Di Prisco v. W. C. Ry.*, 4 *Penn.* 527 (533); *Wilman v. Ry. Co.*, 4 *Penn.* 260 (262); *Farrestal v. Milwaukee E. R. Co.*, 119 *Wis.* 495 (499); *Balto. Trac. Co. v. Helms*, 84 *Md.* 515 (526); *Hall v. Ry. Co.*, 44 *Pac.* 1046 (*Utah*).

"Where the railway approaches the crossing at a steep down grade,    *   *   *    or where the view of the railway from the crossing street is obstructed by buildings or otherwise, greater care is required of the person in charge of the car than when the approach of the railway to the crossing is at or near the grade

of the crossing,   *  *  *   or where the view of the railway is unobstructed." *Snyder v. Ry. Co.*, 4 *Penn.* 145 (149).

It·is the duty of the company to see that its motormen "slow up, or stop, if need be, where danger is imminent and could, by the exercise of reasonable care be seen or known in time to prevent the accident." *Adams v. Ry. Co.*, 3 *Penn.* 512 (514); *Farley v. Ry. Co.*, 3 *Penn.* 581 (583); *Di Prisco v. Ry. Co.*, 4 *Penn.* 527 (532).

"And as the danger of collision increased, if he, the motorman, saw or could see the danger, it was his duty to use all the means in his power to check or stop the car." *Ry. Co. v. White (Supreme Court)*, 6 *Penn.* 363-(367); *Bunyan v. Ry. Co.*, 29 *S. W.* 842 (844).

"The general rule is none the less certain that at a street crossing, or at a place used as a street crossing, the motorman in charge of a car approaching one discharging passengers is bound to keep a sharp lookout for passengers or other persons who may attempt to cross the tracks behind the standing or moving car, to have his car under such control that he can stop it upon the appearance of danger, and to give such signals as will usually protect travelers who are in the exercise of ordinary prudence." *Bremer v. R. Co.*, 120 *N. W.* 382; (*Minn. Mar.* 1909); *R. Co. v. Robinson*, 127 *Ill.* 9; *Bunyan v. Ry. Co.*, 29 *S. W.* 842 (843); *Traction Co. v. Lusby*, 12 *App. D. C.* 295.

If the jury believe that the motorman in charge of the car which inflicted the injury saw or by the exercise of reasonable care could have seen the plaintiff when she stepped from behind the standing car,´ and she was then in a position of imminent danger, and the motorman by the exercise of reasonable care could have stopped his car in a shorter distance than he did stop it, and if he had stopped the car in the distance in which the car was so susceptible of. being stopped, the plaintiff would not have been injured, then the defendant is guilty of negligence proximate to the injury and the plaintiff is entitled to your verdict. *Adams v. Ry. Co.*, 3 *Penn.* 512 (514); *Farley v. Ry. Co.*, 3 *Penn.* 581 (583); *Di Prisco v. Ry. Co.*, 4 *Penn.* 527 (532); *Bunyan v. Ry.*

*Co.,* 29 *S. W.* 842 (843); *Nielson v. City of Albert La.,* 87 *Minn.* 280 (284).

"It is now perfectly settled that the plaintiff may recover damages for an injury caused by the defendant's negligence notwithstanding the plaintiff's own negligence exposed her to the risk of injury, if such injury was more immediately caused by the defendant's omission, after becoming aware of the plaintiff's danger, to use ordinary care for the purpose of avoiding injury to her." *Tully's Adm. v. R. Co., (Supreme Ct.),* 2 *Penn.* 537 (541); *Lenkewicz v. Ry. Co.,* 7 *Penn.* 64 (69); *Jones v. Holt,* 5 *Houst.* 562 (568); *Ford v. Warner Co.,* 1 *Marv.* 88 (93).

"He who last has an opportunity of avoiding the accident, notwithstanding the negligence of the other, is solely responsible." *Pollock on Torts, p.* 579.

The plaintiff would be entitled to recover notwithstanding there had been negligence on her part, if it was the negligence of the defendant alone that was the proximate and immediate cause of the injury; if, in other words, notwithstanding any previous negligence of the plaintiff, the company could have prevented the accident by the use of ordinary and reasonable care. Therefore, if the plaintiff had negligently gone upon or near the car track without looking and was there at the time of the accident, yet if the motorman saw or by the reasonable use of his senses could have seen the plaintiff in such dangerous position in time to stop the car and avoid the accident, it was his duty to do so, and if he failed to do so, the company would be liable. *Heinel v. Ry. Co.,* 6 *Penn.* 428 (431); *Di Prisco v. Ry. Co.,* 4 *Penn.* 527 (535).

When the defendant "relies upon contributory negligence on the part of the plaintiff, to escape liability" it "must satisfy the jury, by a preponderance of evidence, that contributory negligence on the part of the plaintiff was the proximate cause of the injury complained of." *Lenkewicz v. Ry. Co.,* 7 *Penn.* 64 (69).

In this case, if the motorman saw the plaintiff in the position she was in just before the accident and could have prevented the accident, but made no effort to do so, then there was such a lack of care as would constitute gross negligence. *Tully's Adm. v. Ry. Co.,* 3 *Penn.* 455 (464).

If the jury should find for the plaintiff, their verdict should be for such sum by way of damages, as they may conclude from the evidence to be an adequate compensation for her pain and suffering of mind and body, both past and future, and loss of bodily and mental powers. *Price v. Warner Co.*, 1 *Penn.* 462 (473). She will be entitled to recover also such sum as will compensate her for her loss of time from her affairs and for such additional sum as will cover her pecuniary loss from her impaired ability to attend to her necessary work and business, and any expenses shown by the testimony to have been incurred by her for medicines, medical and hospital treatment on account of such injury.

## Defendant's Prayers.

That the jury find a verdict for the defendant.

The basis and gist of this action is the negligence of the defendant and the exercise of due care by the plaintiff at and immediately before the occurring of the accident in question. Negligence is the failure to exercise ordinary care, that is, the failure to exercise such care as a reasonably prudent and careful person would use under similar circumstances; it is for the jury to determine from all the evidence in the cause whether there was negligence on the part of the defendant that caused the accident, and also to so determine whether or not the plaintiff herself was guilty of negligence immediately before and at the time of the accident which entered into and contributed thereto. To entitle the plaintiff to recover at all it must have been shown to the satisfaction of the jury by a preponderance of the evidence, that the negligence which caused the accident and injuries was the fault of the defendant company, and, that the plaintiff was not guilty of negligence which entered into and contributed to the accident and injuries.

Such negligence is not to be presumed but must be proved to the satisfaction of the jury by a preponderance of the evidence, and the burden of that proof *i. e.* negligence on the part of the defendant is upon the plaintiff as also is the burden of proving by such evidence that the plaintiff was in the exercise of due care,

that is such care as a reasonably prudent and careful person would have exercised under similar circumstances at and immediately before the accident.

That if the defendant was guilty of no negligence it is entitled to their verdict, no matter what injuries the plaintiff may have received or what caused them.

No presumption of negligence, either on the part of the plaintiff or defendant, arises from the mere fact that the plaintiff was injured by a collision with a car of the defendant.

That it was the duty of the plaintiff, after she had alighted from the car in which she was a passenger, before crossing the eastbound track and as she approached it to have used and employed all her senses to have ascertained whether or not a car was approaching on said eastbound track, and the prudence, care and vigilance which she was bound to have so exercised was in proportion to the danger to be avoided; that is to say, she was bound to use such care, prudence and vigilance as a reasonably prudent person under the peculiar circumstances as they existed immediately before and at the time of the accident would have exercised to prevent the injuries alleged; and if it shall appear to the satisfaction of the jury that the plaintiff failed to exercise such prudence, care and vigilance immediately before the accident, and that such failure was operating at that time and entered into the accident, then the plaintiff cannot recover and their verdict should be for the defendant, as in that case, the plaintiff would be guilty of contributory negligence. Where there is contributory negligence the law will not attempt to measure the proportion of blame or negligence to be attributed to either party.

That a person approaching and intending to cross the tracks of an electric railway with which she is familiar, must avail herself of her knowledge of the locality and operation of the cars on such tracks and act accordingly. If, as she approaches the crossing, her line of vision is unobstructed, it is her duty to look for approaching cars in time to avoid collision with them, and if she does not look and for this reason does not see an approaching car until it is too late to avoid a collision she is guilty of contribu-

tory negligence and cannot recover damages for any injury sustained by reason of a collision under the circumstances.

That if a person walks up to a railway crossing and upon it, not only without stopping but without looking or listening to ascertain if any cars are approaching, and, a collision and injury occurs to her from a passing car, which would have been prevented had the person so injured exercised the proper and ordinary prudence, care and caution mentioned; such person is guilty of contributory negligence and could not recover from the defendant company for such injury.    *Boudwin v. Wilmington City Ry. Co.*, 4 *Penn.* 385.

That if it shall appear to the satisfaction of the jury by a preponderance of the evidence in the case that the servants of the defendant company approached the plaintiff with the car, in the exercise of due care and caution, and, after reaching the place where the plaintiff was in the street, immediately prior to the accident, the plaintiff moved so that she came in contact with the side of the car and was thus pushed or thrown down and injured, the defendant would not be guilty of negligence and the plaintiff cannot recover for her injuries received in consequence thereof.    *Riccio v. Peoples Ry. Co., ante* 235.

That if the plaintiff moved from a position of safety to a position of danger near or upon the tracks on which car No. 22 was running, so suddenly as to make it impossible for the motorman to stop the car before the collision, the defendant company cannot be held liable for the resultant injury.    *Wilmington City Ry. v. Lynch*, 7 *Penn.* 202.

That a pedestrian who is in close proximity to the tracks of a street railway company, and intending to cross said tracks, upon which cars are running is bound to the exercise of a reasonable use of his senses to discover and avoid approaching cars, and, if he fails to exercise such use of his senses and as a result thereof is injured, if at the time the motorman was in the exercise of reasonable care, the person thus injured is guilty of contributory negligence and cannot recover.    If the plaintiff moved from a position of safety to a position of danger, near or upon the tracks

of the railway on which the defendant's car was running, so suddenly as to make it impossible for the motorman to stop his car before the collision the defendant cannot be held liable for the resulting injury to the plaintiff. *Riccio v. Peoples Ry. Co. (Supra).*

What is due and proper care depends upon the facts in each case. A person approaching a railway track or who attempts to cross it, whether at a street crossing or at any other point along the street upon which it is laid, is bound to avail himself of the knowledge of the fact that the track is laid in the street and act accordingly. If he approaches the track, or attempts to cross it, he is bound to look for approaching cars in time, if possible, to avoid collision with them; and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision he is guilty of negligence. *Price v. Charles Warner Co.*, 1 *Penn.* 462. * * * Even though the defendant company may have been negligent upon its part, yet if the negligence of the plaintiff contributed or entered into the accident, at the time of the injuries complained of, your verdict should be for the defendant; as the plaintiff in that case would be guilty of contributory negligence. Where there is contributory negligence the law will not attempt to measure the proportion of blame, or negligence, to be attributed to each party. *Wilman v. Peoples Ry.*, 4 *Penn.* 363; *Boudwin v. Wil. City Ry.*, 4 *Penn.* 385; *Dungan v. Wil. City Ry.*, 4 *Penn.* 462–463.

That it is not essential to the defense of contributory negligence that the plaintiff's fault should have been in any degree the cause of the accident by which he was injured. It is enough to defeat him, if the injury might have been avoided by his exercise of ordinary care. The question to be determined in every case is not whether the plaintiff's negligence *caused*, but whether it *contributed* to the injury and was operating at the time of the accident of which he complained. This it may do by exposing him to the risk of injury, quite as effectually as if he committed the very act which injured him.

Where there is mutual negligence, that is where the negligence of each party is operating at the time of the accident no action can be sustained.

Charge.

A pure accident without negligence on the part of the defendant is not actionable, and if the jury should believe from all the evidence that what happened in this case was of such a character, it would come under the head of unavoidable accident and the plaintiff cannot recover.

That "positive testimony is entitled to greater weight than negative testimony, especially if the latter should be unaccompanied by facts and circumstances showing an attentive attitude of the witnesses, testifying thereto, respecting the matter to which they testify. Whether the motorman did or did not give warning of the approach of the car you should determine from a preponderance of the evidence, under all the facts and circumstances before you respecting that question." *Riccio v. Peoples Ry. Co.*, (*supra*).

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—This is an action brought by the plaintiff, Martha B. Culbert, against the Wilmington and Philadelphia Traction Company, the defendant, for the recovery of damages for personal injuries which the plaintiff alleges she sustained as the result of the defendant's negligence.

There are several averments of negligence in the plaintiff's declaration, including the running of the car which injured the plaintiff at an improper and dangerous rate of speed, running said car without giving any or suitable warning of its approach, and the failure to use reasonable care to stop said car after the dangerous position of the plaintiff was seen, or by the exercise of reasonable care could have been seen, by the servant of the defendant having control of the car.

The averment of negligence, based upon the rate of speed at which the car is alleged to have been run, has been abandoned by the plaintiff, and therefore you will not consider such averment.

The plaintiff claims that on March 1, 1911, she got off one of the defendant's cars at Fourth and Harrison streets in this city, at which point the defendant maintains double tracks, and passed around the rear end of the car for the purpose of crossing to the other side of the street; that when she had passed around the

end of the car another car of the defendant was right there running slowly in an opposite direction from what she had come, that is, in an easterly direction; that she was caught or struck by the eastbound car and dragged ten or twelve feet, the wheel of the rear truck running over her left foot, and so crushing it that amputation was necessary.

The defendant denies that it, or its servants in charge of the car, were guilty of any negligence from which the injuries complained of were inflicted; but, on the contrary, insists that its servants were, at the time of the accident, in the exercise of reasonable and proper care; and that the accident was occasioned solely by the negligence of the plaintiff herself. And the defendant contends, that immediately before, and at the time of the accident, the motorman in charge of the eastbound car neither knew, nor by the exercise of reasonable care might have known, of the presence or perilous position of the plaintiff in time to have avoided the accident.

It is admitted in this case that the car in question, No. 22, which is alleged to have run into the plaintiff, was operated at the time by the defendant company by means of electricity; that the company was a corporation; that it was lawfully authorized to operate its cars and this particular car on West Fourth Street. It is also admitted that there was a double track at the place of the accident, and that the company were running both the east and west bound cars, and doing so, under authority of the law; that the accident occurred at Fourth and Harrison streets, and it is also admitted that said streets are public streets of the City of Wilmington.

We decline to instruct you to return a verdict for the defendant as requested in its first prayer, because we think the case should be submitted to the jury, for their determination upon the evidence after applying thereto the law as we shall state it.

This action is based upon the negligence of the defendant company; and if the injuries of which the plaintiff complains were not the result of the negligence of the defendant, the plaintiff cannot recover.

[1]   Negligence is the failure to exercise ordinary care, that

is, the failure to exercise such care as a reasonably prudent and careful person would use under similar circumstances. In its legal sense it is no more nor less than this: The failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand.

[2]  Negligence is never presumed. It must be proved, and the burden of proving it rests upon the plaintiff. There is no presumption of negligence, either upon the part of the plaintiff or on the part of the defendant, from the mere fact that the plaintiff was injured by a collision with a car of the defendant.

[3]  Whether negligence exists in a particular case is a question of fact to be determined by the jury.

[4]  To entitle the plaintiff to recover at all it must have been shown to the satisfaction of the jury by a preponderance of the evidence, that the negligence which caused the accident and injuries was the fault of the defendant, and that the plaintiff was not guilty of any negligence which entered into and contributed thereto.

[5]  But by a "preponderance of the evidence" is not meant necessarily the number of witnesses, but the weight of the testimony when properly and carefully considered by the jury.

[6]  A pure accident, without any negligence on the part of the defendant, is not actionable, and if the jury should believe from all the evidence that such was the character of the plaintiff's collision with the defendant's car, it would come under the head of unavoidable accident, and the plaintiff cannot recover.

[7]  The term ordinary care and diligence, when applied to the management of electric cars in motion may be understood to import all the care, circumspection, prudence and discretion, which the particular circumstances of the place and occasion require of the servants of the defendant company; and this will be increased or diminished as the ordinary liability to danger, accident and injury is increased or diminished in the movement and operation of such cars.

[8]  What is due and proper care depends upon the facts in each case. A person approaching a railway track or who attempts

to cross it, is bound to avail himself of the knowledge of the fact that the track is laid in the street, as well as of any knowledge or familiarity he may have with the conditions existing at the place.

[9] The public as well as the defendant company, were entitled to use said highway. In using the highway all persons are bound to the exercise of reasonable care to prevent collisions and accidents. Such care must be in proportion to the danger of the peculiar risks in each case. It is the duty of the company to see that its servants in charge of the cars use reasonable care in operating them; that the cars move at a reasonable rate of speed; that they slow up, or stop if need be, where danger is imminent and could, by the exercise of reasonable care, be seen or known in time to prevent accident; and that proper warning be given of the approach of the car at a crossing on the public highway. There is a like duty of exercising reasonable care on the part of the traveler. The company and the traveler are both required to use such reasonable care as the circumstances of the case demand; an increase of care on the part of both being required where there is an increase of danger. The right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the right of the other. We are not prepared to lay down any absolute rule as to what precise acts of precaution are necessary to be done, or left undone, by persons who may have need to cross the tracks of electric railways. Nor will we attempt to specify the acts of precaution which are necessary to be done, or omitted, by one in the management of an electric car. Such acts necessarily must depend upon the circumstances of each particular case. The general rule is that the person in the management of the car, and the person approaching a car or crossing a railway track, are bound to the reasonable use of their senses of sight and hearing for the prevention of accident; and also to the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise in like circumstances. A person approaching a railway crossing with which he is familiar is bound to avail himself of his knowledge of the locality and act accordingly. If, as he attempts to cross the tracks of the company, his line of vision is obstructed, he is bound to look for approaching

cars in time to avoid collision with them; and if he does not look, and for this reason does not see an approaching car until it is too late to avoid a collision, he is guilty of negligence and could not recover therefor.    *Lenkewicz v. Wil. City Ry.*, 7 *Penn.* 64, 67, 68, 74 *Atl.* 11.

[10]    Due care in the case of the company means, ordinarily, the timely employment of sufficient signals or warnings, giving notice of the approach of trains to public places, such as highways or street crossings; and in the case of individuals due care means proper circumspection in looking or listening, or both, when practicable, to avoid collision; and the greater the peril to the individual, the greater the duty of exercising care by the company, and of prudence and caution on the part of the individual.    This, after all, is but common sense, the force of which must be evident to all.    If the defendant failed to make use of the usual and appropriate means to warn the plaintiff at the time of the accident, such failure was negligence on its part, and if the accident occurred by reason thereof, it would be liable, provided the plaintiff did not by her own carelessness contribute in some degree proximately to her injury.    *Short v. P., B. & W. R. R.*, 7 *Penn.* 108, 112, 76 *Atl.* 363.

[11]    Where the railway approaches the crossing at a down grade, or where the view of the railway from the crossing street is obstructed by buildings or otherwise, greater care is required of the person in charge of the car than where the approaches of the railway to the crossing are at the grade of the crossing, or where the view of the railway is unobstructed.

At a street crossing, the motorman in charge of a car approaching another car discharging passengers is bound to keep a careful lookout for passengers, or other persons who may attempt to cross the tracks behind the standing or moving car, to have his car under proper control, and give such signals as are proper and necessary to protect travelers who are in the exercise of ordinary prudence.    But even under such circumstances the company would not be liable if the person injured could have avoided the injury by exercising such care and caution as a prudent person would have exercised under like circumstances.

[12]   If the negligence of the plaintiff entered into, and contributed to, the accident at the time she was struck by the car, she cannot recover even though the company was also guilty of negligence.   In such case the plaintiff would have been guilty of contributory negligence, and the law will not permit a person to recover damages for his own negligence, neither will it attempt to measure the proportion of blame or negligence to be attributed to each party.

[13]   The plaintiff, however, would be entitled to' recover notwithstanding there had been some negligence on her part, if it was the negligence of the defendant alone that was the proximate or immediate cause of the injury.

[14]   In every case each party has the right to presume that the other party will do his duty—exercise due care—but such presumption in no wise relieves either party from the duty of exercising ordinary and reasonable care on his own part.

[15]   As the plaintiff, in actions of this character, must sustain his allegations of negligence by satisfactory proof before he can recover, so the defendant, when he relies upon contributory negligence on the part of the plaintiff, to escape liability, must satisfy the jury by a preponderance, or weight of evidence, that contributory negligence on the part of the plaintiff was the proximate cause of the injury complained of.

Negligence on the part of the motorman or servant in charge of the car in question would of course be the negligence of the company.   Any failure of either the plaintiff or defendant to exercise such care and prudence as was reasonably required under the circumstances the jury may consider an evidence of negligence.

[16]   If the jury find from the evidence that there had been a uniform and continuous practice of the defendant company to sound the gongs of its cars when passing standing cars, and that such practice or course of conduct was known to, and relied upon, by the plaintiff at the time of the accident, such facts may be taken into account by them in estimating the degree of diligence required of the plaintiff in looking out for an approaching car before she crossed the eastbound track.

[17, 18]   If you find under the evidence that the motorman

Charge.

in charge of the car in question did see, or by the exercise of due care in looking out ahead could have seen, the plaintiff in time to have stopped the car and thus have prevented the accident, then the defendant would be liable. But if you find that the plaintiff suddenly approached alongside of, against or in front of the car and was struck, knocked down and run over by the car, without any improper act or omission on the part of the motorman, and that the latter applied the brakes of his car and did all he could to prevent the injury complained of, the plaintiff cannot recover.

As was said in the case of *Heinel v. Peoples Railway Co.*, 6 *Penn.* 428, 67 *Atl.* 173, recently tried in this court: "If the plaintiff moved from a position of safety to a position of danger near or upon the track of the railway on which the car was running, so suddenly as to make it impossible for the motorman to stop the car before the collision, the defendant cannot be held liable for the resulting injury to the plaintiff; so, if the motorman, after he saw, or by the exercise of reasonable care could have seen the plaintiff in a position of danger, did everything that a reasonably careful and prudent man would do under like circumstances to prevent the accident, the defendant would not be liable."

[19, 20]   As a general rule, direct or positive evidence of a fact is entitled to greater weight than evidence of a merely negative character. You, however, are the sole judges of the credibility of the witnesses and of the weight and value of their testimony. Your verdict in this case should be in favor of that party for whom there is the preponderance or greater weight of the evidence. If you are satisfied from the preponderance and weight of the evidence, taking into consideration all the facts and circumstances of the case, that the injury to the plaintiff was caused by the negligence and carelessness of the defendant company, without fault on his part, then your verdict should be for the plaintiff. *Lenkewicz v. Wil. City Ry.*, 7 *Penn.* 64, 69, 70, 74 *Atl.* 11.

Positive testimony, as we have said, is entitled to greater weight than negative testimony, especially if the latter should be unaccompanied by facts and circumstances showing an attentive attitude of the witness, testifying thereto, respecting the matter to which they testify. Whether the motorman did, or did not,

give due and timely warning of the approach of the car you should determine from a preponderance or weight of the evidence respecting that question.

[21] Whenever there is a conflict of testimony in a case, it is the duty of the jury to reconcile such conflict if they can; but if they cannot do so, they should accept and be governed by that which they consider, under all the circumstances, most worthy of credit and belief, having regard to the apparent fairness, bias, prejudice and interest of the witnesses, if any there be, their opportunities of knowing the things about which they testify, and their recollections thereof, as well as any other facts and circumstances which will aid in determining the truthfulness and correctness of the testimony given in the case.

[22] If you are satisfied from the preponderance and weight of the evidence, taking into consideration all the facts and circumstances of the case, that the injury to the plaintiff was caused by the negligence and carelessness of the defendant company, without fault on her part, then your verdict should be for the plaintiff, and for such sum as will reasonably compensate the plaintiff for her pain and suffering both past and present, for her loss of time from her affairs, and her pecuniary loss from her impaired ability to attend to her necessary work and business in the future, and also for any expenses shown by the testimony to have been incurred by her for medicines, medical, and hospital treatment, on account of such injury.

In conclusion, gentlemen, we say that the simple and only duty you have to perform in this case is to determine whether the plaintiff is entitled to recover anything from the defendant, and if you find she is entitled to recover, then you must ascertain the amount of her damages. Both of these conclusions you must reach after a careful, fair and conscientious consideration of the evidence and the law. Your verdict should be based on nothing but the testimony of the witnesses and the law as we have stated it.

Neither sympathy nor prejudice, for or against one party or the other, should in the slightest degree influence you in reaching your verdict, and we do not believe it will. It will not matter to you who the parties are, your only thought and consideration will

26 Del.]    Culbert vs. The W. and P. Traction Co.    273

Verdict.

be their rights under the laws of the state and the facts in the case.

It may be entirely unnecessary to make such suggestions as these to gentlemen of your intelligence, integrity and standing, but we have deemed it proper and fitting to do so in view of the importance of the case to the parties concerned, and your grave responsibility in determining their rights.

Verdict for plaintiff.