JAMES M. BROWN *vs.* THE MAYOR AND COUNCIL OF WILMING-
TON, a corporation existing under the laws of the State of
Delaware.

1. MUNICIPAL CORPORATIONS—USE OF STREETS—CARE REQUIRED.

Vehicles and pedestrians have equal rights in the use of public streets,
and each must exercise reasonable care to prevent collisions.

2. MUNICIPAL CORPORATIONS—POLICE PATROL—NEGLIGENCE—LIABILITY.

Where the police patrol wagon was run at a dangerous speed under the
circumstances, or failed to give plaintiff, a pedestrian, timely warning of its
approach, whereby plaintiff was injured, and the plaintiff was in the exercise
of due care, the city is liable.

3. MUNICIPAL CORPORATIONS—INJURY TO PEDESTRIAN—CONTRIBUTORY
NEGLIGENCE—LIABILITY.

Where the negligence of plaintiff, a pedestrian, injured by the police
patrol wagon, contributed to the accident in which his injuries were received
he cannot recover.

4. MUNICIPAL CORPORATIONS—INJURY TO PEDESTRIAN—INTOXICATION—
QUESTION FOR JURY.

Voluntary intoxication of the plaintiff, a pedestrian, injured by an
automobile, may be considered by the jury in determining whether, at the
time of the accident, he was taking such care of his safety as would be required
of a reasonably prudent man under the circumstances.

5. NEGLIGENCE—LAST CHANCE DOCTRINE.

In an action for personal injuries, the plaintiff may recover, notwith-
standing some negligence on his part, if it was the negligence of the defendant
alone that was the immediate cause of the accident; in other words, if, not-
withstanding any previous negligence of the plaintiff, the defendant could
have prevented the accident by the use of ordinary care.

6. MUNICIPAL CORPORATIONS—STREETS—VEHICLES—INCAPACITATED PE-
DESTRIANS—NEGLIGENCE.

One driving or operating a vehicle is bound to consider the lack of
capacity of those in his way, such as children, or blind or drunken persons,
to care for their safety, when such incapacity is known, or should have been
known by him by the exercise of reasonable care.

7. MUNICIPAL CORPORATIONS—UNAVOIDABLE ACCIDENT—VEHICLES.

Where a pedestrian, injured by an automobile, was injured by falling
into the side of the vehicle, and not by being struck, the case is one of unavoid-
able accident, and the pedestrian cannot recover.

8. NEGLIGENCE—BURDEN OF PROOF—EVIDENCE.

In an action for personal injuries, the burden is on the plaintiff to show
that defendant was negligent.

9. TRIAL—CONFLICTING EVIDENCE—REVIEW BY JURY.

Where the testimony is conflicting, the jury should endeavor to recon-
cile it, and, if this cannot be done, give their verdict upon the testimony
of the greatest weight and credence, in doing which the witness' means of
knowledge of the facts, their intelligence, apparent truthfulness, and fairness,
and facts or circumstances shown by evidence with respect to the witnesses,
must be considered.

10. Damages—Personal Injuries—Measure of Damages.

In an action for personal injuries, the damages should be such as will reasonably compensate plaintiff for his proven expenditures for medical services, and for the injuries he has sustained and proved, including therein his loss of time and wages, his pain and suffering in the past, and such as may come to him in the future, and for any permanent injuries, and for such sum as will cover his pecuniary loss on account of any impaired ability to earn a living in the future as a result of the accident.

(*January* 16, 1914.)

Judges Conrad and Woolley sitting.

*Caleb E. Burchenal* and *W. W. Knowles* for plaintiff.

*Daniel O. Hastings*, City Solicitor, and *William S. Hilles* for defendant.

Superior Court, New Castle County, January Term, 1914.

Action on the Case (No. 61, March Term, 1913) to recover damages for personal injuries alleged to have been sustained by the plaintiff by being run into and knocked down by an automobile (being the police patrol) driven and operated by one of the defendant's servants, on King Street between Second and Third, in the City of Wilmington.

The facts appear in the charge of the court.

Counsel for plaintiff in support of their prayers cited:

(1) As to the right of a traveler on foot to use a public street the same as a vehicle of any kind, and the degree of care required of a driver of an automobile, *Hannigan v. Wright*, 5 *Penn.* 537, 63 *Atl.* 234; *Simeone v. Lindsay*, 6 *Penn.* 224, 65 *Atl.* 778.

(2) As to care, speed and warning in the operation of an automobile upon public streets of a city, *Lampe v. Jacobsen*, 46 *Wash.* 533, 90 *Pac.* 654.

(3) As to the correlative rights, care and duty of a traveler on foot and the owner of an automobile or person operating it under owner's direction on a public street, *Hennessey v. Taylor*, 189 *Mass.* 583, 76 *N. E.* 224, 3 *L. R. A.* (*N. S.*) 345, 4 *Ann. Cas.* 396.

(4) As to care required in driving an automobile, if undertaking to pass another on the street, going in the same direction, *Simeone v. Lindsay*, 6 *Penn.* 224, 65 *Atl.* 778.

(5) As to measure of damages for personal injuries to a foot traveler on a public street resulting from negligence in operating an automobile, *Simeone v. Lindsay,* 6 *Penn.* 224, 65 *Atl.* 778; *Murphy v. Hughes Bros. & Bangs,* 1 *Penn.* 250, 40 *Atl.* 187; *Ray v. D. S. Steel Co.,* 2 *Penn.* 525, 47 *Atl.* 1017; *Boyd v. Blumenthal & Co.,* 3 *Penn.* 564, 52 *Atl.* 330; *Winkler v. P. & R. R. R. Co.,* 4 *Penn.* 80, 53 *Atl.* 90.

Counsel for defendant in support of their prayers cited:

(1) As to the duty of traveler on foot in a public street to use reasonable care and his senses to avoid injury, *Cecchi v. Lindsay,* 1 *Boyce* 189, 75 *Atl.* 376.

(2) As to the consideration to be given if plaintiff was using the bed of the street in a state of intoxication at the time of the accident, *Heinel v. Peoples Railway Co.,* 6 *Penn.* 437, 67 *Atl.* 173.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—This is an action instituted by James M. Brown, the plaintiff, against the Mayor and Council of Wilmington, the defendant, to recover damages for personal injuries which he alleges he sustained by being run into and knocked down by an automobile driven and operated by one of the defendant's servants. In support of this action the plaintiff claims, that on the evening of April 20, 1912, he was walking southwardly with a throng of people on the roadway of King Street, near the westerly curb thereof, between Third and Second Streets in the City of Wilmington; that while in the exercise of proper care and caution on his part, the defendant, by its servant, drove its police patrol, being an automobile or auto car, down the street upon which he was lawfully and carefully walking, at a high and dangerous rate of speed, without giving to him any warning of its approach, and thus negligently and recklessly ran into and upon him, causing the injuries for which he now seeks damages.

The defendant denies liability in this action and maintains that instead of its servant running its police patrol into the plaintiff, the plaintiff in fact ran into the police patrol, and that if the injuries to the plaintiff were the result of negligence, the

Charge.

negligence was not that of the defendant, but was the negligence of the plaintiff himself.

It is admitted that the Mayor and Council of Wilmington, the defendant, owned and through its servant, operated the motor vehicle, known generally as a police patrol, at the time the plaintiff received his injuries. Such being the case, the acts of the driver of the patrol become the acts of the defendant, and negligence on his part in operating the machine, if any, becomes the negligence of the defendant, for which the defendant may be held liable in damages.

[1] It is admitted that King Street, upon which the accident in question occurred, is a public road or highway. A public highway is open in all its length and breadth to the reasonable, common and equal use of the people, on foot and in vehicles. The owner of an automobile has the same right as the owner of other vehicles to the use of the highway, and like them he must exercise care and caution for the safety of others.

A traveler on foot has the same right to the use of the public streets of a city as a vehicle of any kind. In using any part of the streets all persons are bound to the exercise of reasonable care to prevent collisions and accidents. Such care must be in proportion to the danger or the peculiar risks in each case. Where one undertakes to pass another on the highway, going in the same direction, he must take reasonable care to exercise that right, so as not to injure another, and is liable for the consequences of his negligence. It is the duty of the person operating an automobile or any other vehicle, upon the public streets of a city to use ordinary care in its operation, to move at a rate of speed reasonable under the particular circumstances and cause it to slow up or to stop if need be, where danger is imminent and could, by the exercise of reasonable care, be seen or known in time to avoid accident. Greater care is required at street crossings and in the more crowded streets of a city than in the less obstructed streets in the open or suburban parts. There is a like duty of exercising reasonable care on the part of the pedestrian. The person having the management of the vehicle and the traveler on foot are both required to use such reasonable care as the circumstances of the

case demand, an exercise of greater care on the part of each being required where there is an increase of danger. The right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the rights of the other, and both are bound to the reasonable use of all their senses for the prevention of accident, and the exercise of all such reasonable caution as ordinarily careful and prudent persons would exercise under like circumstances. *Grier v. Samuel*, 86 *Atl.* 209, 211.

The basis of this action is negligence. The negligence charged by the plaintiff to the defendant, is not that it was operating its police patrol at a rate of speed in excess of that allowed by statute, for by the statute the speed of motor vehicles used by the police in the performance of duty, is exempted from the limits prescribed for motor vehicles generally. (*Laws of Delaware, Vol.* 25, *c.* 120, § 14.) The negligence charged to the defendant is simply that it operated its police patrol at a high and dangerous rate of speed, when considered with regard to the place and the circumstances of the occasion, and without giving the plaintiff timely warning of its approach, whereby and by reason of which he was injured.

[2] If the defendant's servant, at the time of the accident, was operating its car at a high and dangerous rate of speed under the circumstances, or failed to give the plaintiff timely warning of its approach, by reason of which the injuries were inflicted, and the plaintiff at the time was on his part in the exercise of due care and caution, and free from negligence that contributed to the accident, the servant of the defendant was negligent, the defendant is liable, and your verdict should be for the plaintiff.

[3-5] If the negligence of the plaintiff, however, contributed to and entered into the accident at the time the injuries were received, he cannot recover, even though the defendant was also guilty of negligence, because in such case the plaintiff himself would be guilty of contributory negligence. (*Simeone v. Lindsay*, 6 *Penn.* 224, 227, 65 *Atl.* 778.) Voluntary intoxication of the plaintiff may be considered by the jury in determining whether at the time of the accident he was taking such care of his safety as would be required of a reasonably prudent man under the circumstances. (*Heinel v. Peoples Ry. Co.*, 6 *Penn.* 431, 67 *Atl.* 173.)

The plaintiff, however, would be entitled to recover, notwithstanding there had been some negligence on his part, if it was the negligence of the defendant alone that was the proximate or immediate cause of the accident, in other words, if notwithstanding any previous negligence of the plaintiff, the defendant could have prevented the accident by the use of ordinary and reasonable care. *Simeone v. Lindsay*, 6 *Penn.* 224, 227, 65 *Atl.* 778.

[6, 7] It is a rule of law that one driving or operating a vehicle is bound to consider the lack of capacity of those in his way to care for their own safety, when such incapacity is known, or should have been known by him, and the law exacts greater care toward those who are unable to care for themselves, as children, blind persons and in fact drunken persons, when such incapacity is known or should have been known by the one driving or operating a vehicle. If, however, in this case you find from the testimony that at the time of the accident complained of, the plaintiff was intoxicated, and that the driver of the police patrol did not know it or by the exercise of reasonable care on his part would not have known it or would not have known he was so intoxicated as to be unable to take ordinary care of himself, and if you shall further find that the accident occurred not by the patrol striking the plaintiff, but by the plaintiff falling into the side of the patrol, the case then becomes one either of pure accident or contributory negligence, and in either event, your verdict should be for the defendant.

[8] A pure accident without negligence on the part of the defendant is not actionable, and if you should believe that it was of such character it would come under the head of unavoidable accident and the plaintiff cannot recover.

To enable the plaintiff to recover at all in this action, he must have shown to your satisfaction by the weight of the evidence that the negligence which caused the accident, if there was any negligence, was the negligence of the defendant. The burden of proving such negligence is upon the plaintiff, and the defendant can be held liable only for such negligence as constitutes the proximate or immediate cause of the injury.

[9] When the testimony is conflicting, you should endeavor

to reconcile it, if possible, so that the whole may harmonize. If this cannot be done, then it becomes your duty to estimate and weigh in your minds the value of the testimony on the respective sides, and give your verdict to that side upon which the testimony is of the greatest weight or preponderance and most worthy of credit. In estimating such weight you are to consider the witness' means of knowledge of the facts about which they have spoken, their intelligence, apparent truthfulness and fairness, and any other facts or circumstances shown by the evidence with respect to the witnesses that disclose the reliability of their statements.

If you are not satisfied from the weight of the testimony that the injuries to the plaintiff were caused by the negligent running and operation of the machine, as alleged, your verdict should be in favor of the defendant, and if you believe that there was any negligence on the part of the plaintiff operating at the time of the accident which contributed to the injuries he received, your verdict likewise should be in favor of the defendant. Or if you believe that plaintiff's injuries were the result of pure accident, and could not have been prevented or avoided by the exercise of reasonable care on the part of the defendant, your verdict should be in favor of the defendant.

[10] If you should find for the plaintiff your verdict should be for such a sum as will reasonably compensate him for his proven expenditures for medical services, and for the injuries he has sustained and proved, including therein his loss of time and wages, his pain and suffering in the past, and such as may come to him in the future, resulting from the accident, and also for any permanent injuries shown by the evidence to have been received, and for such sum as you believe will cover his pecuniary loss on account of any impaired ability to earn a living in the future as a result of such accident.

Verdict for plaintiff.