IVA WOLLASTON, an infant by her next friend, Charles P. Wollaston, *vs.* ALFRED C. STILTZ; CHARLES P. WOLLASTON *vs.* ALFRED C. STILTZ.

1. NEGLIGENCE—BURDEN OF PROOF ON PLAINTIFF.

Negligence is never presumed, but must be proved, and the burden of proving it is on the plaintiff.

2. MASTER AND SERVANT—NEGLIGENCE OF TRUCK DRIVER IMPUTABLE TO OWNER.

A master is liable for the negligence of his servant driving a motor truck against a pedestrian unless the pedestrian is guilty of some negligence.

3. NEGLIGENCE—"NEGLIGENCE" AND "ORDINARY CARE" DEFINED.

"Negligence" is the want of ordinary care, that is, the want of such care as a reasonably purdent and careful person would exercise under like circumstances.

Syllabus.

4. Negligence—"Unavoidable Accident" Defined.

An accident which could not be prevented by the exercise of ordinary care and prudence is an "unavoidable accident" for which there can be no recovery.

5. Highways—Motorists and Pedestrian Have Equal Rights.

A motorist and a pedestrian have equal rights to lawfully use public highways, and the right of each must be exercised in a reasonable and careful manner so as not to abridge or interfere with the rights of the other; each being bound to the reasonable use of all their senses for the prevention of accidents and also to exercise reasonable care.

6. Highways—Traveler Should Proceed on the Right-Hand Side.

A traveler on a public highway should proceed on the right-hand side of the highway.

7. Negligence—Violation of Statute Negligence per Se.

A violation of a statute amounts to negligence in law, whether any positive or active negligence be proved or not.

8. Negligence—Violation of Statute Actionable if Cause of Injury.

A defendant is not liable for negligence even though it be negligence per se arising out of the violation of a statute unless it caused the accident complained of.

9. Highways—Whether Motorist Not Knowing of Presence of Pedestrian was Guilty of Negligence in Turning to the Left to Avoid Collision for the Jury.

In an action for injuries suffered by a pedestrian who was struck by a motor car in a heavy mist or fog, the question whether the driver of the motor vehicle was negligent in turning suddenly to the left to avoid a collision with a horse and buggy was for the jury; it appearing that the motorist did not know of the presence of the pedestrian.

10. Evidence—Jury Should Endeavor to Reconcile Testimony.

When the testimony is conflicting, the jury should endeavor to reconcile it so that the whole may be harmonized, but, if this cannot be done, the jury should weigh the same and render a verdict for that side upon which the evidence is of the greater weight or preponderance and most worthy of credit.

11. Evidence—In Determining Weight, Jury Should Consider Witnesses' Means of Knowledge.

In estimating the weight of the evidence, the jury should consider the witnesses' means of knowledge, their intelligence, apparent truthfulness and fairness, and any other facts or circumstances with respect to the witnesses that show the reliability of their statements.

(*March* 29, 1921)

Boyce and Conrad, J. J., sitting.

*L. Irving Handy* for plaintiffs.

*Charles F. Curley* and *George L. Townsend, Jr.*, for defendant.

Superior Court for New Castle County, March Term, 1921.

Sums. Cases, Nos. 49 and 50, March Term, 1920.

Actions by Iva Wollaston, an infant, by her next friend, Charles P. Wollaston, against Alfred C. Stiltz, and by Charles P. Wollaston against the same defendant, which were tried together. Verdict in each case for defendant.

The facts sufficiently appear in the charge of the court.

Counsel for plaintiffs prayed the court to charge the jury as to the law of the road, and that it is negligence for a vehicle not to be on the right side of the road.

Counsel for the defendant prayed the court to charge the jury:

Even if the jury believe that the defendant's servant was driving the bus on the left side of the highway at the time of the accident, nevertheless, if the presence of the defendant's bus upon the left side of the highway and the consequent injury to the plaintiff were due to circumstances which were consistent with proper caution on the part of the servant, and which discharged his master from the imputation of negligence, then the verdict should be for the defendant. *Grier v. Samuel*, 4 *Boyce*, 74, 76, 85 *Atl.* 759.

The basis and gist of this action is negligence, and before a recovery can be had by the plaintiffs, it must be shown that the defendant negligently violated some duty which he owed to the infant plaintiff. Negligence has often been defined by this court to be the want of ordinary care; that is, the want of such care as a reasonably prudent and careful person would exercise under similar circumstances. Negligence is never presumed. It must be proved and the burden of proving to the satisfaction of the jury that the accident in question was caused by the negligence of the defendant rests upon the plaintiff. *Travers v. Hartmann*, 5 *Boyce*, 302, 306, 92 *Atl.* 855.

An accident which could not be prevented by the exercise of ordinary care and prudence is termed an unavoidable accident, and if you should believe from the evidence that the collision in question was of such a character the plaintiff is not entitled to a recovery. *Travers v. Hartmann*, 5 *Boyce*, 302, 307, 92 *Atl.* 855.

Even though defendant's driver was negligent in being on the left side of the road, yet if plaintiff, by reason of the lights on the

Opinion.

bus or otherwise, had reasonable opportunity to know her danger and avoid it, and negligently failed to do so, or if in any way the accident was attributable to the negligence of the driver of defendant's bus with that of the plaintiff, in either case plaintiff cannot recover.

CONRAD, J., charging the jury:

You are trying two cases growing out of the same alleged accident: First, Iva Wollaston, a minor, by her next friend, Charles P. Wollaston, her father, seeks to recover damages from Alfred C. Stiltz, the defendant, for injuries claimed by her to have been caused by the negligence of the defendant. Second, Charles P. Wollaston, the father, claims damages or compensation for money expended by him for professional and medical services given to the daughter, and made necessary by reason of said accident.

The plaintiffs claim that on the evening of January 22, 1919, Iva Wollaston, one of the plaintiffs, was walking on the westerly side of the Depot road, a public highway, heading southward from the town of Newark to the Pennsylvania Railroad station, in this county. That she was in company with two girl companions. That they were walking southward on said road, and on the right-hand side thereof. That the evening was dark with an unusually heavy mist or fog prevailing. That the three girls heard an automobile passenger bus or truck approaching from the south in the opposite direction from which they were walking. That, owing to the fog and darkness, the approaching vehicle could not be clearly seen. That a man in a buggy approached the girls from behind and hallooed to them to avoid danger by jumping in the ditch on the right side of the road. That the girls, heeding the warning, jumped into the ditch. That the automobile bus struck Iva Wollaston and she was carried home by a bystander. The claim is that the driver of the automobile bus was negligent in that he was driving on the left-hand side of the highway, and that by reason thereof the said Iva Wollaston sustained the injuries for which she seeks to recover in this action.

The defendant denies negligence upon his part and claims

that the accident was unavoidable and that he is not liable in damages because of the prevailing fog and darkness, and that he was forced, because of the approach of a horse and buggy coming from the opposite direction which seemed to be crossing the road in front of his machine, to leave the middle of the road and go to the left side thereof to avoid collision with the approaching team. That the girls walking in the road were not seen by the driver of the bus until he was upon them, and that the accident happened because of his efforts to escape collision with the team that he alleges was crossing the road to the left in front of his automobile bus.

[1] These cases are based upon the negligence of the defendant, and in order that the plaintiff may recover, they must satisfy you by a preponderance of the evidence that there was negligence on the part of the defendant or his servant in the operation of the automobile bus, and that the injuries to Iva Wollaston resulted therefrom. Negligence is not presumed, it must be proved, and the burden of proving it is upon the plaintiff.

Therefore, before plaintiff can recover, you must be satisfied that Alfred C. Stiltz was, at the time of the accident, the owner of the automobile bus which caused the accident.

[2] It was conceded that the driver or operator was the agent or servant of the defendant. If such operator, being the servant of the defendant, was negligent in the operation of the machine, it would be the negligence of the defendant, and the defendant would be liable for any injury proximately caused by such negligence, provided the person injured was not guilty of some negligence on his part which contributed to said accident.

[3, 4] Negligence is defined to be the want of ordinary care, that is, the want of such care as a reasonably prudent and careful person would exercise under like circumstances. An accident which could not be prevented by the exercise of ordinary care and prudence is termed an unavoidable accident, and no recovery for injuries arising from such an accident can be had, as the element of negligence is lacking, which is the basis of claims for damages.

[5]   An operator of an automobile and a traveler on foot or in another kind of vehicle have equal rights to lawfully use the public highways.   The right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the rights of the other, and each is bound to the reasonable use of all their senses for the prevention of accident, and to exercise such reasonable caution as an ordinarily careful and prudent person would exercise under like circumstances.

[6–8]   It is the law of this state that a traveler on the public highway proceed on the right-hand side of the highway.   It has been held in this state that a violation of a statute amounts to negligence in law, whether any positive or active negligence be proved or not.   It is what is commonly known in law as negligence per se, but the defendant would not be liable for injury resulting from such negligence unless the evidence clearly establishes that the violation of the statute, if any, caused the accident complained of.

[9]   If you are satisfied from the evidence that the driver of the automobile bus, in the exercise of due care and caution, was suddenly confronted with a horse and buggy approaching him in front, and, without knowledge of the presence of the girls on the right of the road suddenly turned his machine to the left of the road to avoid collision with the horse and buggy, it will be for you to say whether, under such circumstances, the driver of the machine acted negligently in so doing.

[10, 11]   When the testimony is conflicting, the jury should endeavor to reconcile it so that the whole may be harmonious.   If this cannot be done, then it becomes your duty to estimate and weigh in your minds the value of the testimony on the respective sides and give your verdict to that side upon which the testimony is of the greater weight or perponderance, and most worthy of credit.   In estimating such weight, the jury are to consider the witnesses' means of knowledge of the facts about which they testified, their intelligence, their apparent truthfulness and fairness, and any other facts or circumstances shown by the evidence with respect to the witnesses that show the reliability of their statements.

If your verdict should be for Iva Wollaston, the infant plaintiff, in the first case, it should be for such a sum as will reasonably compensate her for her injuries, including therein any pain and suffering she may have had resulting from the accident.

In the second case, if your verdict should be for the plaintiff father, it should be for such a sum as will reasonably compensate him for any expenses incurred for professional and medical services given to his daughter, made necessary from the accident.

Verdict, in each case for defendant.