KATHARINE A. DIETZ, by her next friend, Donald M. Dietz, and DONALD M. DIETZ, Plaintiffs Below, Appellants, v. JOSEPHINE S. MEAD, Defendant Below, Appellee.

(*May* 2, 1960.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Harold Leshem, H. B. Rubenstein* and *Emmett J. Conte, Jr.,* for plaintiffs.

*William Prickett, Jr.* (of the firm of Prickett and Prickett) for defendant.

Supreme Court of the State of Delaware, No. 76, 1959.

BRAMHALL, J.:

On July 29, 1956, at approximately seven-thirty o'clock p.m., the defendant was operating an automobile on Parkside Drive in Oak Lane Manor, near Wilmington. She had just left her home at 1107 Parkside Drive. It was still daylight. Defendant had lived in this area for approximately a year. She noticed children playing on the sidewalk on both sides of the street a

considerable distance away. The sidewalk is separated from the street by a grass plot and curb. While the record does not seem to disclose exactly the width of either the street, the sidewalk or the grass plot, the photographs indicate that their width is approximately the same as that of other similar developments, that is, a width of the street of approximately forty feet, a distance of approximately five to six feet from the curb to the sidewalk and a sidewalk of approximately five or six feet in width. Defendant accelerated her car to twenty-five miles per hour. The minor plaintiff, a young girl two years and ten months of age, while playing on the sidewalk with some other children, suddenly darted from the sidewalk across the grass plot and into the street in front of defendant's car. She was struck by defendant's car in the front, a little to the left side. Defendant's car stopped at once. Defendant did not sound her horn. She testified that when the minor plaintiff ran into the street, she was approximately fifteen feet in front of her car.

At the trial defendant requested the trial judge to instruct the jury that if they found that the accident was unavoidable, they should render a verdict for defendant. The trial judge complied with this request. Plaintiffs excepted to the giving of such a charge, alleging that it was not warranted under the facts presented. This exception and an exception to the charge of the trial judge relating to the necessity of defendant sounding the horn constitute the grounds for the appeal.

We first consider a preliminary question. Defendant contends that plaintiffs may not under Rule 51 of the Superior Court raise the question of unavoidable accident because of his failure to object thereto before the jury had retired to consider its verdict, stating distinctly the matters to which he objected and the grounds thereof.

Defendant presented to the trial judge a prayer for a charge on unavoidable accident. After discussion, counsel for plaintiffs agreed that he would "bow to the practice". However, he asked

the court to pass this instruction until later. When it was again brought up, counsel for plaintiffs stated that he thought such an instruction was misleading. He further stated that he did not know whether the case of *Biddle v. Haldas Bros.*, 8 *W. W. Harr.* 210, 190 *A.* 588, cited by defendant, was a "square holding" with respect to the use of a prayer on unavoidable accident. Still later he stated: "I would object to it, Your Honor." At the conclusion of the trial, although counsel for plaintiff took several exceptions to different portions of the charge, he did not at that time specifically object to the charge on unavoidable accident.

Rule 51 of the Superior Court, *Del. C. Ann.* provides:

"At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections. Opportunity shall be given to make the objection out of the hearing of the jury."

■■ The purpose of this Rule was to abolish the practice of taking a general exception to the charge. *Chrysler Corp. v. Quimby, Del.,* 144 *A.* 2d 123. This court stated in the case of *Stilwell v. Parsons, Del.,* 145 *A.* 2d 397, 401, that the end which is sought to be obtained by this rule is notice to the trial judge of a contrary position by a party to the ruling and that, if such notice was given, a party seeking to object should not be held to "an exact compliance with formalities". Plaintiffs' objection to this portion of the charge was discussed in detail with the trial judge and objection made thereto by defendant's counsel.

The trial judge was fully aware of plaintiffs' objection. We think that under our ruling in the *Stilwell* case plaintiffs are entitled to except to this portion of the trial judge's charge.

Plaintiffs object to the giving of the charge upon unavoidable accident. They also contend that in presenting this question to the jury in the manner in which he did, the trial judge over-emphasized the charge on unavoidable accident to the injury of plaintiffs. Plaintiffs contend that a charge on unavoidable accident may not be given if there is evidence of negligence; that in order for a charge on unavoidable accident to be proper, it is not sufficient that the injury was unavoidable because of the lack of negligence on the part of the defendant at the time of the accident, but the evidence must further show that defendant in no way created the situation leading up to the accident. Plaintiffs concede that there was no negligence on the part of defendant at the time the minor plaintiff darted into the street; they contend that defendant was negligent in that when she saw children on both sides of the street on the sidewalk she failed to put her car under absolute control and to sound a warning of its approach.

An unavoidable accident is one which was not caused in any degree by the want of care or skill which the law requires of one under the circumstances of the particular case. *Wollaston v. Stiltz*, 1 *W. W. Harr.* 273, 114 *A.* 198; *Otto v. Sellnow*, 233 *Minn.* 215, 46 *N. W.* 2d 641, 646, 24 *A. L. R.* 2d 152; *Town & Country Securities Co. v. Place*, 79 *Ariz.* 122, 285 *P.* 2d 165, 167; see *Prosser on Torts*, § 29. This does not necessarily mean that such an accident must have been physically impossible under the circumstances for defendant to have prevented, but only that defendant exercise care and prudence which the law holds every person bound to exercise. *Mohan v. Safeway Stores, Tex. Civ. App.*, 237 *S. W.* 2d 813, 815; *Schmid v. Eslick*, 181 *Kan.* 997, 317 *P.* 2d 459. If there is evidence to sustain a charge of inevitable or unavoidable accident, it should be given. *Rowton v. Kemp*, 190 *Okl.* 558, 125 *P.* 2d 1003; *Airline Motor*

*Coaches, Inc. v. Fields,* 140 *Tex.* 221, 166 *S. W.* 2d 917; *Webb v. City of Seattle,* 22 *Wash.* 2d 596, 157 *P.* 2d 312, 158 *A. L. R.* 810. It has long been the practice in this state to do so. *Campbell v. Walker,* 2 *Boyce* 41, 78 *A.* 601; *Gismondi v. People's Ry. Co.,* 2 *Boyce* 577, 83 *A.* 136; *Culbert v. Wilmington & P. Traction Co.,* 3 *Boyce* 253, 82 *A.* 1081; *Brown v. Mayor and Council of Wilmington,* 4 *Boyce* 492, 90 *A.* 44; *Wollaston v. Stiltz,* 1 *W. W. Harr.* 273, 114 *A.* 198; *Gray v. Pennsylvania R. Co.,* 3 *W. W. Harr.* 450, 139 *A.* 66; *Biddle v. Haldas Bros.,* 8 *W. W. Harr.* 210, 190 *A.* 588.

We agree with plaintiffs that the care required of defendant is not limited to her operation of her automobile from the time the minor plaintiff suddenly entered the street. If the negligence of the defendant prior to the minor plaintiff entering the street contributed to the situation or emergency in any way, defendant would be responsible for such negligence. The trial judge left this question to the jury. But the jury could also have found that the accident was caused solely by the sudden appearance of the child in the street. Defendant's testimony indicated that the minor plaintiff suddenly ran from a place of safety on the sidewalk, over the grass plot and curb and into the street, directly in the path of defendant's automobile, and was struck by the front of defendant's automobile a little to the left side. If that testimony was believed, the jury was warranted in finding that the accident was unavoidable and it was not error for the trial judge to charge the jury on unavoidable accident. While such a charge may in some measure amount to a repetition of the trial judge's charge on negligence and it may not have been necessary to repeat such instructions in a charge on unavoidable accident (See *LaDuke v. Lord,* 97 *N. H.* 122, 83 *A.* 2d 138), we do not see how plaintiff was prejudiced by such repetition.

Plaintiffs suggest, citing *Butigan v. Yellow Cab Company,* 1958, 49 *Cal.* 2d 652, 320 *P.* 2d 500, 65 *A. L. R.* 2d 1, that the charge on unavoidable accident is misleading and should be

held to be erroneous and prejudicial. We think that the contrary is true. As indicating in the dissenting opinion in that case the concept of unavoidable accident is simple and easily understood by the average jury. Except in extreme cases the charge would appear to be a proper one.

Plaintiffs suggest that the trial judge overemphasized the question of unavoidable accident in his charge. We think that when this portion of the charge is read in context, it is obvious that there is no merit to this contention. The charge was in the form usually followed and accepted in this state. *Gismondi v. People's Ry. Co., supra; Biddle v. Haldas Bros., supra.*

Plaintiffs take exception to the trial judge's failure to charge the jury, as requested by plaintiffs, that the law requires a motorist to maintain a proper and constant look-out and sound a warning of his approach with his horn. The trial judge, while charging the jury relative to maintaining a proper and constant look-out, did not charge them relative to defendant's duty to give a warning of her approach with her horn.

The duty of a motorist to sound his horn depends upon whether he is required to do so by statute or ordinance or whether the circumstances were such as to make the sounding of the horn necessary. No statute in this state compels a motorist to sound her horn between streets. The testimony in this case showed clearly that the minor plaintiff left the sidewalk where she was just before the accident and ran into the street directly in the path of defendant's car. Defendant was not bound to anticipate that the minor plaintiff would suddenly dart from a place of safety out into the street, directly in the path of defendant's automobile, unless the circumstances were such as to give her a warning that the minor plaintiff was likely to do so. *Purdy v. Hazeltine,* 321 *Pa.* 459, 184 *A.* 660; *Howk v. Anderson,* 218 *Iowa* 358, 253 *N. W.* 32. There was no evidence in this case to indicate that minor plaintiff was about to leave her place of safety on the sidewalk.

Judgment of the Superior Court will be affirmed.

### On Petition for Re-argument

Plaintiffs in their petition for re-argument raise several questions, only one of which needs to be commented on here.

Plaintiffs deny categorically the statement in our opinion that they conceded that defendant was not guilty of negligence from the time the child ran into the street.

The statement relative to plaintiffs' concession is in accordance with the facts proven at the trial. There was no evidence whatsoever of negligence on the part of defendant after the child ran into the street. The statement in our opinion to which counsel for plaintiffs take exception is predicated upon the following language found in plaintiffs' brief, page 20: "Conceding that Mrs. Mead did all she could to avoid striking Katie after she saw her in the street * * *", and, in addition, to the statement by counsel in his argument before this Court.

Plaintiffs' petition for re-argument is denied.

We are, somewhat reluctantly, compelled to take notice of the intemperate language used by counsel for plaintiffs in their petition for re-argument. We consider the use of such language highly improper and not in keeping with the respectful attitude which counsel owes to the Court and which is so necessary to the orderly administration of justice. We trust that this offense will not be repeated.