HELEN J. PANARO and WILLIAM A. PANARO, Plaintiffs Below, Appellants, v. ELAINE CULLEN and HILDA CULLEN, Defendants Below, Appellees.

*(November* 1, 1962.)

WOLCOTT, Justice, TERRY, Justice, and STOREY, Judge, sitting.

*Alfred M. Isaacs* (of the firm of Flanzer and Isaacs) for the appellants.

*F. Alton Tybout* (of the firm of Prickett, Prickett and Tybout) for the appellees.

Supreme Court of the State of Delaware, No. 46, 1962.

TERRY, J.:

Plaintiffs instituted this action in the Superior Court to recover damages allegedly caused by the negligent operation of an automobile by the defendant, Elaine Cullen, on Concord Avenue, near Wilmington, at approximately 8:15 a.m. on the morning of December 3, 1959. The action of the plaintiff, Helen J. Panaro, is to recover for personal injuries. The cause of action of the plaintiff, William A. Panaro, is derivative to that of his wife, Helen J. Panaro. Defendant, Hilda Cullen, was joined as a party defendant under the provisions of 21 *Del. C.* §§ 6105, 6106 (Liability of parent, guardian, employer or owner for negligence of minor).

Following denial of plaintiffs' motion for directed verdict

the jury returned a verdict for the defendants. It is from the judgment entered upon this verdict that the plaintiffs have appealed to this Court.

The trial disclosed no substantial controversy as to the operative facts surrounding the incident in question. On the morning of the accident, the plaintiff, Helen Panaro, was driving in the right lane of traffic moving south on Concord Avenue. Traffic was heavy and moving at a constant speed of approximately 40-45 miles per hour. Defendant, Elaine Cullen, was driving an automobile owned by her mother (defendant, Hilda Cullen) approximately four to five car lengths behind the plaintiff's automobile. The automobile occupying the fourth position in the front of the plaintiffs' car came to a stop allegedly because it had run out of gasoline. Plaintiffs' car and the three preceding cars stopped without incident. When defendant, Elaine Cullen, observed the stop lights of the plaintiffs' car come on she first decided to apply her brakes, but then decided to attempt to pull to her left into the left lane. In her endeavor her right front fender made contact with the left rear fender of the plaintiffs' automobile.

Plaintiffs first assigned as error the failure of the Trial Court to direct a verdict in their favor.

Plaintiffs advance two arguments under this assignment: First, it is urged that the defendant, Elaine Cullen, was negligent, since her automobile was the only one unable to stop without incident. The real thrust of this argument reduces itself to the proposition that since an accident occurred in which plaintiff, Helen Panaro, sustained injuries, negligence is of necessity present. However, negligence may not be presumed from the mere consequence of an accident. *Wilson v. Derrickson*, Del., 175 A. 2d 400. Although plaintiffs allege three specific charges of negligence,[1] their argument fails to

---

[1](a) Failure to maintain a proper lookout.
(b) Failure to keep car under proper control.
(c) Violation of Title 21, § 4135 (Following a vehicle too closely).

isolate the actual source of negligence. They concentrate upon the occurrence of the accident itself for their entire support. Second, it is urged that an admission made by the defendant, Elaine Cullen, that she made a "mistake" of "judgment" in not swerving out at a sharper angle constitutes an admission of negligence on her part. The answer to this contention is that a jury could find that the defendant was suddenly faced with an emergency not created by her own negligence, and without time for reflection. In such a case she is not required to exercise the same degree of care as would be required of her to exercise if there had been time for full deliberation and full use of her judgment and reasoning faculties. Under such circumstances, if she chose a course of action which from hindsight proved not to have been the best means of avoiding the danger, she could not be charged with negligence, if under the circumstances she acted as a reasonably prudent person would have acted.

In respect to the first assignment of error we are of the opinion that the Trial Court did not err in refusing to direct a verdict in favor of the plaintiffs.

Plaintiffs' second assignment of error consists of the Trial Judge giving an instruction upon the Doctrine of Unavoidable Accident. Plaintiffs urge that this instruction should not have been given where there is some evidence of negligence. If such be the criterion, the instruction would never be given, for in such cases a verdict would be directed for the defendant. What the plaintiffs are really asking us to do is adopt the rule announced by the Supreme Court of California in the case of *Butigan v. Yellow Cab Co.* 49 Cal. 2d 652, 320 P. 2d 500, 65 A. L. R. 2d 1 (1958). This argument was considered and rejected by this Court in the case of *Dietz v. Mead*, 2 Storey 481, 160 A. 2d 372 (1960), and we decline to overrule that decision.

Plaintiffs' third assignment of error concerns the

Trial Judge's instruction upon the Doctrine of Emergency. It is contended that the instruction implied that defendant's negligence prior to apprehending the emergency did not prevent the invocation of the Emergency Doctrine. It is elementary in the law of negligence that the Emergency Doctrine is not available to one whose negligence has created or helped to bring about the emergency. The Trial Court charged as follows:

"When a person driving a car without negligence on his part is suddenly confronted with an emergency situation the law does not hold him to as high a standard or degree of action as it would if he had more time to consider what to do to avoid the emergency. This rule has no application, of course, where a given defendant's negligence creates the emergency or helps to bring about that emergency. It is only when the emergency arises without fault on the part of the defendant that this doctrine comes into play.

"It means that if in this case Miss Cullen was confronted suddenly with an emergency not of her own making and without time for reflection, she is not required to exercise the same degree of care as she would be if there had been time for full deliberation and full use of her judgment and reasoning facilities. In such a case, if you find it to be such a case, if she chose a course of action which from hindsight proved not to have been the very best means of avoiding the danger, she cannot be charged with negligence if, under the circumstances, she acted as a reasonably prudent person would have acted under the same circumstances. And so, if you find in this case that Miss Cullen was suddenly faced with an emergency not of her own making and that in the face of that emergency she acted as a reasonably prudent person would have acted, your verdict should be for the defendants."

A reading of the above quoted language discloses emphatically that the jury was explicitly cautioned as to the limitation upon the Emergency Doctrine.

The plaintiffs' fourth assignment of error is their exception to the language employed by the Trial Judge in reference to a request by the jury for additional instructions. The language objected to is as follows:

"In judging her conduct after the stopping of the Panaro car, keep in mind what I said about the law of unexpected emergency."

The Trial Judge by using the quoted language was merely referring the jury to his previous instruction, which as noted *supra,* contained the proper limiting instruction. In any event the plaintiffs requested and received an additional instruction which cautioned the jury that the Doctrine of Emergency had no application if the emergency was created by the defendant.

The arguments advanced by the plaintiffs under assignments 2, 3 and 4, heretofore considered, cannot be sustained.

The plaintiffs make two further assignments of error: (1) that the verdict was clearly against the preponderance and weight of the evidence, and (2) that the verdict was contrary to law. These assignments are without merit and cannot be sustained.

For the reasons heretofore assigned, the judgment below is affirmed.