DAVID K. EBERSOLE, Plaintiff Below, Appellant, v. MORTON LOWENGRUB et al:, Defendants Below, Appellees.

(*February* 1, 1965)

WOLCOTT, J., SEITZ, Chancellor, and SHORT, Vice Chancellor, sitting.

*C. W. Berl, Jr.,* of Berl, Potter & Anderson, for appellant Ebersole.

*David Snellenburg, II,* of KIloran & Ban Brunt, for appellee Lowengrub.

*F. Alton Tybout,* for appellee Becker.

*Samuel R. Russell,* of Herrmann, Bayard, Brill, & Russell, for appellee Clementee.

*Louis J. Finger,* of Richards, Layton & Finger, for appellee Johnson.

*Frank J. Miller* of Walker, Miller & Wakefield, for appellee Reese.

Supreme Court of the State of Delaware, No. 31-1964.

WOLCOTT, Justice.

This is an appeal from judgements for the defendants in a personal injury action brought as a result of a multiple car rear-end collision occurring on the Delaware Memorial Bridge on November 10, 1958. This is the second time the cause has been before us because the grant of summary judgment in favor of some of the defendants was reversed by us in *Ebersol v. Lowengrub,* Del., 180 A.2d 467. Reference to that opinion will give a more elaborate statement of the facts and circumstances of the accident.

It will suffice for this appeal to state that on the occasion in question a steady stream of traffic was proceeding westerly across Delaware Memorial Bridge in both the right and left-hand lanes. In the line of traffic in the left-hand lane was a car designated as Car X, followed by cars driven by Lowengrub, Clementee, Ebersol, Becker, Reese and Johnson, respectively. At some point on the bridge Car X slowed down preparatory to turning into the right-hand lane but then swerved back into the left-hand lane causing the following cars to run into each other. Car X, after the accident, continued on its way and was never identified. Ebersole brought suit for personal injury against the named drivers.

After the close of the evidence, the Court entered directed verdicts in favor of Lowengrub, driving the first car following Car X; Clementee, driving the second car; Reese, driving the fifth car, and Johnson, driving the sixth car. The case was submitted to the jury as to the remaining defendant Becker, driving the fourth car. The jury returned a verdict for him. As a result the plaintiff Ebersole, the driver of the third car, appeals from the judgments.

Relying upon our opinion in the first appeal, Ebersole argues that the trial judge was required to submit to the jury the issue of the negligence of any defendant unless the testimony was such as to "clearly absolve" him from liability. We think, however, this is to overstate the meaning of our first opinion. In that appeal we were considering summary judgments for some of the defendants upon a record which left unexplained many circumstances which, standing alone, justified an inference of negligence as to all the defendants. The reversal in the first appeal took place because we thought the record reasonably demonstrated that material facts as to negligence were in issue as to all the defendants, and that the moving defendants had not discharged the burden thrust upon them to demonstrate to a reasonable certitude that there was no issue of fact which, if resolved against them, would have established their liability. *Howard v. Food Fair Stores*, Del., 201 A.2d 638.

The opinion in the first appeal did not intend to, nor, we think, did it change the usual rule to be applied by a trial judge in determining whether or not a case should be submitted to or taken from the jury. That rule is that a plaintiff must always discharge the burden of proving a *prima facie* case of negligence against a defendant before he has a right to have the case submitted to the jury. *Wilson v. Derrickson*, Del., 175 A.2d 400. Upon a motion for a directed verdict after the evidence is in the duty of the trial judge is to determine whether or not under any reasonable view of the evidence the jury could justifiably find in favor of the plaintiff and against the defendant. If such is the case, then he must submit the factual issues to the jury for its determination.

■ The trial judge directed verdicts in favor of the defendants Reese and Johnson, driving the fifth and sixth cars in the procession. Ebersole argues that this was error, but we think not. We have examined the record with respect to these two defendants and are of the opinion that Ebersole failed to prove that the negligence, if any, of these defendants was a proximate cause of his injuries.

The trial judge also directed verdicts in favor of defendants Lowengrub and Clementee, drivers of cars first and second, respectively.

With respect to Lowengrub, his testimony was to the effect that the traffic preceding him commenced to slow down and that he slowed down with it; that Car X started to move over into the right-hand lane and then moved back into the left-hand lane, forcing Lowengrub to come to a gradual stop. If this had been all the evidence against Lowengrub, then the direction of a verdict in his favor would have been proper.

■ However, Clementee testified that he observed Car X start into the right-hand lane and then return to the left-hand lane, and that this required Lowengrub to come to a fast stop by applying his brakes hard. This testimony is in direct conflict with that of Lowengrub and creates an issue of fact as to whether or not Lowengrub was following Car X too closely or failed to maintain proper lookout under the circumstances, thereby creating an emergency. It is sufficient, we think, for the jury to make an inference of negligence.

■ With respect to Clementee, it is clear that his car struck the car of Lowengrub. Under the circumstances, we think that the jury could quite properly infer that he was following too closely or failed to keep a proper lookout, thereby causing an emergency.

This being so, the jury could have concluded that the joint or several negligence of Lowengrub and Clementee created the emergency which forced Ebersole to stop suddenly and be struck in the rear. The

judgments as to them, accordingly, are reversed.

The trial judge submitted only Ebersole's case against Becker to the jury which returned a verdict in favor of Becker. Ebersole seeks reversal of this judgement on the ground of alleged errors in instructions to the jury.

First, Ebersole argues that it was error for the jury to have been instructed upon the so-called Emergency Rule. This rule is to the effect that when a person is confronted with a sudden emergency not caused by his own negligence he may not be charged with negligence merely because he failed to adopt the best course of action if, under the circumstances, he acted as a reasonably prudent person would have acted.

Ebersole argues the instruction was erroneously given because, first, there was no showing that Becker had any choice of alternates and, second, that in order for the rule to be applicable Becker must have been free of negligence at the time the emergency arose. It is argued that since Becker admitted he would have struck Ebersole no matter what he did, that is an admission of negligence making the rule inapplicable.

It appears that the complained of instruction was made applicable to both Ebersole and Becker, thus giving both parties its benefit. We think it probable that the facts of this accident made the application of the Emergency Rule inappropriate for it seems apparent that neither Ebersole nor Becker had a choice of action. Nevertheless, we think the error, if any, was nonprejudicial for the reason that each party was charged by the other with negligence and, thus, each received the benefit of the instruction.

Next, Ebersole charges error in the instruction to the jury on unavoidable accident. Fundamentally, the argument is that the charge should not have been given because Becker was negligent. This question, however, was for the jury to determine just as it was for the jury to determine whether or not Ebersole was negligent. If the jury

concluded both were free of negligence, then it would in truth seem that the accident was unavoidable.

We think the instruction was properly given. *Deitz v. Mead*, 2 Storey 481, 160 A.2d 372; *Panaro v. Cullen*, Del., 185 A.2d 889, and even if it be assumed to the contrary, the error was nonprejudicial.

Ebersole argues that the trial judge committed error in instructing the jury that it could find he was following too closely in violation of 21 *Del. C.* Sec. 4135 if, when an emergency appeared before him, he necessarily had to apply his brakes with such force and suddenness that he thereby created an emergency situation for the Becker car immediately following him.

We find no error in the instruction for the reason that Sec. 4135 specifically prohibits a driver from following another vehicle "more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic. upon and condition of the highway." Furthermore, the jury was instructed that the same standard of care was imposed upon Becker. Ebersole has maintained throughout that Becker was guilty of precisely this negligent conduct. It seems to us that Ebersole may not in the setting of this case be permitted to complain that he has been subjected to the same standard he accuses Becker of having violated.

Finally, Ebersole charges error in the refusal of the trial judge to direct a verdict in favor of him and against Becker, or alternatively in refusing to charge the jury that Becker was negligent as a matter of law. We think a sufficient answer to this argument is *Panaro v. Cullen*, Del., 185 A.2d 889.

The judgments below as to Becker, Reese and Johnson are affirmed. The judgments below as to Lowengrub and Clementee are reversed.

### ON PETITION FOR REARGUMENT

WOLCOTT, Chief Justice.

Following the filing of the opinion in this cause, Ebersole, Lowengrub and Clementee moved for reargument on the ground that at common law a judgment for or against several defendants was an entirety and must be either affirmed or reveersed *in toto* and not soley as to one or some of the co-defendants. Since the point had not been raised prior to the petition we requested Becker, Johnson and Reese to file answers.

The point is of course raised for the first time by the petition for reargument and, as such, might be subject to summary denial on the authority of *Kerbs v. California Eastern Airways, Inc.*, 33 Del. Ch. 174, 91 A.2d 62, 34 A.L.R.2d 839. However, since it does raise an important question we will express our views upon it briefly.

We may assume that the common law rule is properly stated by the petitioners and in Annotation, 143 A.L.R. 8, to the effect that a judgment against several tortfeasors is an entirety which must be affirmed or reversed on appeal as to all or as to none. We may further assume that such formerly was the rule in Delaware, although we have found no reported decision precisely so holding.

This common law rule, if it existed in Delaware, must be read, however, in the light of the then Delaware law which was to the effect that only joint tortfeasors could be joined as codefendants in one action for damages. *Leishman v. Brady* 9 W.W.Harr. 559, 3 A.2d 118. In the cited case it was held that if the negligent acts of two or more persons concur in producing a single indivisible injury, such persons are jointly and severally liable as joint tortfeasors even though there was no common duty, common design or concerted action among them. However, a demurrer to the complaint was sustained in that case on the ground of misjoinder of parties defendant. The court stated that the complaint alleged acts of negligence which were successive rather than concurrent. Thus, the court concluded in effect that the defendants were not charged as joint tortfeasors.

It would seem to follow from the foregoing legal principles that if the causes of action here involved do not involve "joint" torts

within the common law rule, then the question posed on reargument is technically irrelevent. We say this because the common law rule, as we understand it, has no application to actions involving independent and disconnected acts i. e., where no "joint" tort has been committed. Indeed, the problem could not have arisen at common law in such a case because of the joinder rule. We point out that we are not concerned with, and consequently express no opinion, as to the governing rule where so-called independent torts are joined in a single complaint against multiple parties and the verdicts are for some and against other defendants.

We assume, however, that in this appeal we are concerned with a complaint which purportedly asserts a joint tort claim within the common law rule. In our opinion, subsequent developments in our procedural law have ameliorated the inflexible rule relied upon by the moving parties. The promulgation of the new Superior Court Rules in 1948 substantially changed the Delaware practice. By Rule 20(a) "[a] ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same tranaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." This change permitted the joining of defendants even when the torts were not joint within the common law rule.

Furthermore, Rule 59(a) permits the Superior Court in its discretion to grant a new trial "to all or any of the parties and on all or part of the issues in an action in which there has been a trial." The discretionary power thus conferred upon the trial court is very broad.

Rules 20(a) and 59(a) of the Superior Court, *Del. C. Ann.* are, we think, manifestations of the modern rule which abrogates the procedural technicalities of the common law and permits the joining of parties who could not formerly have been jointly sued. Further, such rules permit the court to exercise a wide discretion over the conduct of the trial and subsequent steps. These changes compel us to conclude that the so-called common law rule is not controlling.

Rather the court is entitled to exercise a sound discretion in deciding, *inter alia*, the identity of the parties if a new trial is granted.

In view of the rule applicable in the trial court, we think that this court, of necessity, also has an appropriate discretionary power in this area. Cf. *Chrysler Corp. v. Quimby*, 1 Storey 264, 288, 144 A.2d 123, 136, 885.

▉ Since the question here involved did nᴑt arise for decision in the trial court, we are not reviewing an exercise of discretion. In the interest of the prompt administration of justice we now exercise our discretion and determine that no injustice can result by directing a reversal of the judgments and a new trial solely as to Lowengrub and Clementee. Certainly the total factual picture can be presented to the jury without requiring the other defendants to submit to a new trial of their once-established blamelessness.

We emphasize that we are not concerned with the difinition or application of "joint tortfeasors" under the Contribution Among Tortfeasors Act, 10 *Del. C.* Sec. 6301.

The petition for reargument is denied.