**Glennis L. RICH, Plaintiff Below, Appellant,**

**v.**

**Donald A. DEAN, Defendant Below, Appellee.**

Supreme Court of Delaware.

Dec. 19, 1969.

Harold Leshem, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for plaintiff.

F. Alton Tybout of Tybout & Redfearn, Wilmington, for defendant.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal in a personal injury case from a judgment for the defendant entered on a jury verdict. Two questions are raised by the appellant-plaintiff. First, it is argued that under the facts of the case it was reversible error to instruct the jury on unavoidable accident and, second, that it was error to permit, over plaintiff's objection, the questioning of an orthopedic surgeon concerning the subconscious tendency of injured persons to overstate their complaints when they have a claim pending.

The accident involved in this case occurred at the intersection of Foulk Road and Oak Lane Road. Foulk Road is a four-lane divided throughway running north and south. Oak Lane Road is a two-lane highway intersecting Foulk Road and coming to an end there. Oak Lane Road is controlled by a stop sign at its intersection with Foulk Road.

The plaintiff was proceeding south in the right-hand lane of Foulk Road, and the defendant was proceeding east on Oak Lane Road intending to make a left-hand turn and proceed north on Foulk Road.

The plaintiff's version of the accident is that, while proceeding south on Foulk Road, she saw the defendant coming east on Oak Lane Road toward its intersection with Foulk Road. She slackened speed until she saw the defendant come to a stop at the stop sign. She thereupon picked up speed and when she was seven or eight car lengths from the intersection, the defendant started into Foulk Road. The collision, which she says she could not avoid, then took place.

Defendant has a different version of the accident. He contends that he came to a full stop at the stop sign on Oak Lane Road. On his left there were trees, bushes and shrubs which prevented a clear view to his left, or north, while he was stopped at the stop sign, although he says he could see to his left about 200 feet. He looked and saw that Foulk Road was clear for about 200 feet. He started up and about one-half or one-third of his Volkswagon entered into the intersection. He looked again to his left and saw the plaintiff's car coming south six or seven car lengths away. He stopped instinctively. He says that after he saw the plaintiff his car did not move at all from its position in the right-hand lane. Both the defendant and his wife, a passenger in his car, testified that plaintiff's car was not traveling "too fast" and, in their judgment, the plaintiff had time to stop.

Subsequently, the defendant was charged with a violation of 21 Del.C. § 4164(c), which makes it mandatory for a motorist who has stopped for a stop sign not to proceed into the intersection "until such movement can be made in safety." The defendant pleaded guilty to this charge.

The plaintiff argues that under the facts of this case, there should have been no instruction whatsoever as to unavoidable accident. The argument is based on the Superior Court holding in Rumble v. Lingo, 1 Storey 417, 147 A.2d 511, to the effect that if a motorist faced with a stop sign enters into an intersection in violation of 21 Del.C. § 4164(c), and is involved in a collision with a vehicle traveling in the favored traffic lane, a

conclusive presumption of negligence on his part is raised. Therefore, plaintiff concludes, a defendant facing a conclusive presumption of negligence should not be entitled to a charge on pure accident.

■ It is true that the langauge in Rumble v. Lingo speaks in terms of a conclusive presumption of negligence. In DiSabatino v. Ellis, 5 Storey 84, 184 A.2d 469, we approved of Rumble v. Lingo to the extent that § 4164(c) (formerly § 4143) prohibited a motorist who had stopped at a stop sign from entering into the intersection until he could do so with safety. We declined, however, to consider the scope of any presumption arising from the violation. Since the point is now squarely before us, we must say that a violation of 21 Del.C. § 4164(c) is no different from any other violation of a statutory rule of the road. It constitutes negligence in law, or negligence *per se,* and is to be considered as such by the jury. The phrase "conclusive presumption of negligence" in *Rumble* must therefore be deemed the equivalent.

■ There always remains, however, the question of proximate cause between negligence and the accident, itself. We think, therefore, the plaintiff is wrong in her argument that if he is guilty of a conclusive presumption of negligence, a defendant thereby necessarily makes it impossible for a resulting accident to have been unavoidable. If the use of the phrase, "conclusive presumption", requires that conclusion, then clearly the phrase is an erroneous label to put upon a violation of § 4164(c).

The plaintiff suggests that, in any event, in no case should a charge as to unavoidable accident be given because it is not only unnecessary, but is also confusing. A leading case to this effect is Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 65 A.L.R.2d 1. See, also, Vespe v. DiMarco, 43 N.J. 430, 204 A.2d 874.

However, in Dietz v. Mead, 2 Storey 481, 160 A.2d 372, this Court expressly refused to follow the *Butigan* case and approved the giving of a charge on unavoidable accident. Again, in Panaro v. Cullen, 5 Storey 187, 185 A.2d 889; Scullion v. Hackworth, Del., 199 A.2d 563, and Ebersole v. Lowengrub, Del., 208 A.2d 495, we approved the giving of an instruction on unavoidable accident. We decline to change our holdings in this respect.

This does not mean, however, that the instruction should be given in all cases. It is true that in *Dietz* it was said that, "Except in extreme cases the charge would appear to be a proper one." That statement, however, may be overly broad and must be read in the light of *Scullion,* citing *Dietz* and *Panaro,* and holding that the charge should be given "when there is evidence to justify a conclusion that the accident was unavoidable." We continue to adhere to this rule. The giving, or refusal, of the charge, therefore, depends upon the factual situation of the particular case.

In the *Ebersole* case we approved the giving of the instruction when the facts were those of a chain reaction of rear-end collisions on the Delaware Memorial Bridge. The plaintiff objected to the instruction on the ground that the defendant was negligent (following too closely the plaintiff's car). However, we held the question of the defendant's negligence was for the jury, as was the question of the plaintiff's negligence. We observed: "If the jury concluded both were free of negligence, then it would in truth seem that the accident was unavoidable."

■ We think the instruction should be given only when the factual situation justifies a conclusion that the accident was unavoidable. Certainly, if the facts admit of no conclusion but that neither side is negligent, then clearly a resulting accident is unavoidable. Indeed, in such case a directed verdict would seem proper. Similarly, if the facts, even though disputed, are such that the jury may find that neither side is negligent, the resulting accident may be found to be unavoidable and the instruction should be given. Furthermore,

if under the facts either or both parties must be or may be found to be negligent, but if the facts are such that the jury could find that the negligence of neither was a proximate cause of the accident, then the instruction should be given, for in such a case the accident would be unavoidable.

We point out, however, that the instruction should be given only in a case which falls within one of the categories we have set forth. If it is given in a case not within one of the categories, it will be error and prejudicial to the plaintiff in the event of a verdict for the defendant. It would be prejudicial because it would be confusing to the jury.

■ We must now decide whether an instruction on unavoidable accident was proper in the case at bar. As we have set forth, there are two versions of the facts— one by plaintiff and one by the defendant. Clearly, in both versions the jury could have found that while the defendant was guilty of a violation of 21 Del.C. § 4164(c) and was thus guilty of negligence in law, yet nevertheless that negligence was not a proximate cause of the accident. Similarly, the jury could have found that the plaintiff was free of negligence. In this event, the accident would in truth have been unavoidable and the instruction should have been given.

We think the case at bar is at best a borderline case justifying the giving of the instruction, but we cannot say that clearly it falls outside of the permissible categories. The only fact justifying the instruction in this case is that the physical surroundings of the intersection made it impossible for the defendant to see sufficiently far to his left, and required him to move somewhat into the intersection, where he stopped and remained stopped until the impact, or at least so the jury could have found.

■ The instruction actually given was as follows:

"The defendant may not be held responsible for injuries resulting from an unavoidable accident. A pure accident without negligence on the defendant's part is not actionable and forms no basis for the recovery of damages. An unavoidable accident is one which is not caused in any degree by the want of care or skill which the law requires of one under the circumstances of the particular case. This does not mean that it must have been physically impossible under the circumstances for the defendant to have prevented the accident, but that the defendant need only exercise that care and prudence which the law requires every person is bound to exercise.

"If you find that the defendant as he was driving was exercising that degree of care and skill which he was required by law to exercise and that the accident occurred in spite of that exercise of such care and skill, then you should find for the defendant."

We think the instruction as given is an improper one upon unavoidable accident for the reason that it defines unavoidable accident in terms of lack of negligence on the part of the defendant, alone. It is a repetition in different language of prior portions of the charge to the effect that a defendant may not be held liable if he is not guilty of any negligence. As a definition, therefore, of unavoidable accident, the instruction is faulty because it does not add the additional requisite fact that the plaintiff, too, be free of negligence. It was therefore error to have given the instruction in the language used.

For the future benefit of the trial courts, we set out what we consider to be a proper instruction as to unavoidable accident:

"There may be an unavoidable accident for which no person is responsible. Such an accident is one which could not have been avoided by the persons involved through the exercise of proper care. If none of the parties is guilty of negligence proximately a cause of the accident, then in truth the accident is unavoidable and the defendant may not be held liable."

While the instruction actually given was erroneous, this does not mean that the judgment below must be reversed for the reason that we think that the error was nonprejudicial to the plaintiff.

The jury's verdict for the defendant necessarily meant that the jury reached one of three possible conclusions:

1. That the defendant was not guilty of any negligence, or

2. That, if the defendant was guilty of negligence, such negligence was not a proximate cause of the accident, or

3. That the plaintiff, herself, was guilty of negligence which was a proximate cause of the accident.

Under any one of the three possible findings, a verdict for the defendant should have been reached.

The verdict for the defendant under the charge given necessarily meant that the jury had to find that the defendant was not negligent, or that the plaintiff was contributorily negligent. Since this finding obviously has been made, it follows that a verdict for the defendant was necessary. In view of the obvious factual findings, therefore, there is no reason why that verdict should not be affirmed.

■ As a second point, defendant alleges error in permitting, over his objection, certain questions asked in cross-examination of an orthopedic surgeon called by the plaintiff. The following colloquy took place:

"Q. In your experience, Doctor, in dealing with persons with these kinds of complaints taking place or continuing over the course of a year, have you dealt with persons who have claims for personal injuries pending as this one here?

"A. I certainly have.

"Q. Is it not fair to say that in your experience the fact that a claim is pending frequently is at least a substantial factor in the way the patient looks at his or her complaint?

"A. Very definitely.

"Q. It has been your experience, has it not, that while a claim is pending persons tend to subconsciously or otherwise, but generally subconsciously, overstate their complaints?

"MR. LESHEM: I will object to that.

"THE COURT: I would like to have the doctor's answer. I overrule the objection.

"MR. LESHEM: I think we should keep it to this patient.

"THE COURT: The objection has been overruled.

"THE WITNESS: Certainly it varies from one individual to the next.

"Q. You haven't found any cases where a person with a claim pending understates his claim?

"A. No.

"Q. So this thing we are talking about is the very human subconscious inclination to overstate a complaint?

"A. Trying to make a point and get it across, that is correct."

The question is governed by our recent decision in Cherry v. Pietschmann, Del. Supr., 259 A.2d 375. Under the ruling of that case, it was clear error to permit the quoted cross-examination not connected to the plaintiff at bar.

This error, likewise, is nonprejudicial to the plaintiff since it relates purely to the issue of damages, and becomes moot with the return of a verdict for the defendant. Obviously, the question of damages was never reached by the jury.

The judgment below is affirmed.