STELLA SCULLION and LLOYD SCULLION, Plaintiffs Below, Appellants, v. ROBERT G. HACKWORTH, Defendant Below, Appellee.

*(April* 3, 1964.)

TERRY, Chief Justice, and WOLCOTT and CAREY, J. J., sitting.

*Alfred M. Isaacs* (of Flanzer and Isaacs) for appellants.

*William Prickett, Jr.* (of Prickett and Prickett) for appellee.

Supreme Court of the State of Delaware, No. 62, 1962.

CAREY, Justice.

Plaintiffs below have appealed from a judgment of the Superior Court rendered upon a verdict of a jury in favor of appellee. They contend that the trial Judge made certain errors in charging the jury.

The action was brought to recover damages for in-

juries sustained by the appellant, Stella Scullion, on November 1st, 1960, when she was struck by the appellee's car at the intersection of Madison Street and Concord Avenue in Wilmington. According to her version of the episode, she was standing in the intersection in appelle's travel lane performing her duties as a traffic officer and, at the moment of impact, was facing the direction opposite that from which appellee approached. According to appellee's version, Mrs. Scullion stepped in front of his car from the sidewalk when he was so close to her that it was impossible to avoid striking her. His speed was variously estimated at 15 to 25 miles per hour. Admittedly, he did not reduce his speed as he approached the intersection.

Appellants contend that the charge was faulty in several respects. We need not discuss herein all of those alleged defects. As to those not specifically mentioned, we simply say that no reversible error is found.

Appellants make an earnest attempt to convince us that a charge on "unavoidable accident" was unwarranted in this case and, further, that such a charge is confusing and should never be given in any case. This subject has recently been considered at length by this Court in two cases, wherein it was held that such a charge can and should be given when there is evidence to justify a conclusion that the accident was unavoidable. *Dietz v. Mead*, 2 Storey 481, 160 A.2d 372; *Panaro v. Cullen*, Del., 185 A.2d 889. We decline to review the holding of those cases. In the present instance, the charge was properly given.

Appellants also contend that the Court erred in charging on the so-called "emergency doctrine". They do not criticize the language used but argue that this theory was inapplicable in this case. We disagree.

We find, however, an error of substance in the charge which compels us to direct a new trial. This error has to do with a statement of the law of negligence as applied to appellee's conduct. Two of the specifications of negligence charged against him were the violation of § 622 (a) of the traffic regulations of the City of Wilmington, which makes it unlawful to drive a motor vehicle at a rate of speed greater than is reasonable and proper under existing conditions, and § 622(b) of those regulations which requires a driver to decrease speed when approaching an intersection or when special hazards exist. As to those two items, the trial Judge correctly stated the law and explained to the jury that if the defendant violated either or both of those regulations, he was guilty of negligence which would require a verdict for the plaintiffs, if such negligence was the proximate cause of plaintiff's injuries, provided she in turn was free of contributory negligence. The Judge then began to discuss the charges of contributory negligence but apparently recalled that he had not fully discussed the above mentioned speed charges. He accordingly inserted the following sentences:

"Now before considering each of those, let me also say that as to the plaintiff's contentions of violations of the ordinances relating to speed, which I just covered, the defendant contends that even if he did violate these ordinances—which he says he did not—this could not have been a proximate cause or one of the proximate causes of the accident. If you find that when the defendant first saw Mrs. Scullion, or when he should have first seen her, he was at such a distance from her that he could not stop by the exercise of reasonable care, that he could not stop in time to avoid striking her, then he cannot be held negligent on this basis, that is, violation of either of these ordinances; and if you don't find him negligent on any other basis, that is, lookout or failure to maintain proper

control or failure to obey the officer's signal, if you don't find him negligent on any other basis, then your verdict should be for the defendant."

We have no criticism to make of the first sentence of this quotation. However, upon analysis, it will be observed that the second sentence is incomplete or incorrect. It says that, when the defendant first saw the plaintiff or should have seen her, if he was so close to her that he could not stop in time to avoid striking her, he cannot be held negligent for violation of either of those ordinances. The deficiency here lies in the failure to point out that his inability to stop would be no excuse if that inability was itself the result of a violation of the ordinance. To be more explicit, there was evidence which would justify the jury in finding that the defendant came down Concord Avenue at a speed of 25 miles per hour and did not slow down as he approached Madison Street. It could further have found that this action was a violation of both § 622(a) and 622(b) in view of the rainy weather, the volume of traffic and other conditions then present. It could have further found that his inability to stop and thus avoid the impact after he first saw Mrs. Scullion or should have seen her was the direct result of his speed. The instruction given does not include this situation but, on the contrary, tells the jury that it could not base a verdict for plaintiff upon the speed counts, if he was unable to stop after he first saw or should have seen her. In this respect, it had the direct effect of eliminating defendant's speed as a proximate cause of the accident under the circumstances mentioned; to that extent it was contrary to what had previously been said concerning speed.

We have read and reread the entire charge but we find nothing in it to clarify this apparent conflict or omission. Obviously, a vital feature of the case was involved

and it cannot be held that the error was immaterial.

For this reason, the judgment must be reversed and a new trial awarded.