EDWARD A. KERBS, and GEORGE J. HANEY,
Plaintiffs Below, Appellants,

*vs.*

CALIFORNIA EASTERN AIRWAYS, INC., a Delaware corporation,
Defendant Below, Appellee.

*Supreme Court, On Appeal, August 28, 1952.*

WOLCOTT and TUNNELL, Justices, and LAYTON, Judge, sitting.

*Arthur G. Logan* and *Stephen E. Hamilton, Jr.,* of the firm of Logan, Marvel & Boggs, for appellant.

*David F. Anderson,* of the firm of Berl, Potter and Anderson, and *Walter R. Barry, James E. Hughes* and *George F. Mason,* of the firm of Coudert Brothers, of New York City, for appellee.

WOLCOTT, Justice, delivering the opinion of the court:

The petition for re-argument asserts that the opinion in the cause, filed under date of July 17, 1952, *ante p.* 69, 90 A.2d 652, contains error in the holding that the appellee's stock option plan was deficient for lack of conditions in the plan itself, or in the surrounding circumstances, reasonably insuring that the appellee would receive the benefits of the plan, viz., the retention for the future of the services of the optionees.

The appellee argues in support of the ground for reargument that the evidence demonstrates that the optionees entered the employ of the appellee with the expectation of receiving part of their compensation in the form of stock options and that they have in fact performed the contemplated services for which they have not been fully compensated. Thus, argues the appellee, the option plan was intended as a means of payment for past services, and not as an inducement to the optionees to remain in the appellee's employ in the future. Therefore, so it is argued, the only material issue raised by the appeal was whether or not the value of those already performed services had a reasonable relationship to the value of the options granted as compensation for them.

The theory of the appeal thus advanced is different from the one on which it has been argued and decided. The appellant, both below and in this court, attacked the stock option plan on the theory that it was a plan designed to retain the future services of the optionees. The appellee joined issue on this theory in the briefs and at the argument. It is true that the question of value relationship between the options and the services was fully argued, but we did not rule upon it, since we found the plan deficient as a plan for the retention of services because it lacked conditions reasonably insuring that the services would be retained after the option harvest had been reaped.

The petition for re-argument, therefore, constitutes a departure from the first theory of the appeal. It is in fact completely irreconcilable with the first theory. Since the appeal has been fully argued and carefully considered under one theory, it might well be questioned whether review by way of re-argument upon a different theory should be permitted, unless circumstances afford a reasonable excuse for the failure initially to clearly present the different theory. However, we prefer not to dispose of the matter upon this ground.

We think the appellee was correct in having joined issue with the appellant upon the theory that the option plan was intended to insure the retention of the services of the optionees in the future.

■ Furthermore, as we pointed out in our opinion, the essential validity of this plan as effective corporate action depends directly upon the ratification of the plan by a majority of the stock, since all of the directors who adopted it were beneficiaries of the plan. This being so, the plan must be judged in the light of what the stockholders ratified. It is clear from the letter of November 8, 1950, sent to appellee's stockholders (Appellant's Ex. 23) explaining the details of the option plan and soliciting stockholders' support for it, that the plan was presented to the stockholders as a means of retaining for the future the services of executives who had guided the appellee from the doldrums of bankruptcy to the steady winds of financial success. In that letter the plan is described as providing the executives with a "longer range incentive to remain with the" appellee, and as an inducement to them "to remain permanently with the (appellee) and to continue the type of effort which succeeded in returning the (appellee) to the possession of the stockholders". There is no reference in the letter to any obligations of the appellee to compensate past services of optionees through the medium of stock options. The tenor of the appeal for stockholder ratification of the plan is that it is for the best interest of the appellee that services which in the past had proved to be valuable should be retained for the future.

■ We think it is clear that the appellee sought and obtained stockholders ratification of the plan on the theory that the plan was a means to insure the retention in the future of the services of certain executives. This was the plan ratified by stockholders. If the plan was actually what the appellee now says it was, then there has been no effective stockholder ratification and the essential of valid corporate action is lacking because of the absence of a disinterested board of directors. In any event, however, we think the appellee is bound by the representations made to its stockholders, and we will not permit it at this time to take a diametrically opposite position.

The petition for re-argument is denied. A mandate in accordance with the opinion filed heretofore will be issued forthwith.